# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00695-CR
NO. 03-15-00696-CR

**Justin Michael Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NOS. D-1-DC-13-300332 & D-1-DC-13-300333
HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Justin Michael Johnson was charged with attempted aggravated kidnapping in two different causes. *See* Tex. Penal Code §§ 15.01(a) (stating that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" and that "[i]f a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt"), 20.04(a)(4) (providing that person commits aggravated kidnapping "if he intentionally or knowingly abducts another person with the intent to . . . inflict bodily injury on him or violate or abuse him sexually"). Specifically, the two indictments alleged that Johnson "did then and there with the specific intent to commit the offense of Aggravated Kidnapping of" sisters M.N. and K.N., commit acts "to wit: followed and

grabbed [M.N.] and covered her mouth" and "followed and grabbed" K.N., "which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." Prior to trial, Johnson filed a motion to suppress evidence obtained from items seized from his home. After convening a hearing on the motion and considering the arguments made by both sides, the magistrate recommended that the motion to suppress be denied. Following the magistrate's recommendation, the district court signed an order adopting the magistrate's recommendation. At the end of the guilt-or-innocence phase of the trial, the jury found Johnson guilty of both attempted-aggravated-kidnapping charges. After the jury reached its verdicts, the district court sentenced Johnson to twenty years' imprisonment for both charges and rendered its judgments of conviction. *See id.* §§ 15.01(d) (stating that offense of criminal attempt "is one category lower than the offense attempted"), 20.04(c) (providing that offense of aggravated kidnapping "is a felony of the first degree"); *see also id.* § 12.33 (setting out permissible punishment range for second-degree felony). In a single issue on appeal, Johnson asserts that the district court erred by denying his motion to suppress. We will affirm the district court's judgments of conviction.

**BACKGROUND**

During the trial, the jury heard evidence regarding an encounter that M.N. and K.N. had on their way to school and regarding the subsequent investigative efforts by law-enforcement officials. Specifically, M.N. and K.N. were approached by a man who neither of them knew and who was wearing a gray hoodie covering his head. During the encounter, the man grabbed both girls. Ultimately, the girls got away from the man and ran to school. Once the girls arrived at the school, school officials called the police to report what had happened. After receiving a tip from

2

an anonymous source, after reviewing surveillance footage, and after comparing a composite sketch of the assailant to Johnson's driver's license photo, the investigating officers went to Johnson's home to talk with him and to ask him to drive to the police station for an interview, and Johnson agreed. According to the testimony from one of the interviewing officers, Johnson admitted during the interview that on the morning in question, he had seen the girls and that he intended to harm them. Ultimately, the officers obtained an arrest warrant, and Johnson was placed under arrest.

In addition to applying for an arrest warrant, the officers also prepared search-warrant affidavits for two different search warrants pertaining to this appeal. The first affidavit was prepared by Detective B. Makeba Lewis and requested permission to search Johnson's home. In particular, Detective Lewis wanted to search Johnson's home for the following evidence: "1. hooded sweat shirt, sweat pants, shoes" [and] 2. Electronic devices, gaming consoles, computers." In the affidavit, Detective Lewis recounted the offense described above as well as the incriminating evidence against Johnson, including the admissions made by Johnson during his interview with the police, and Detective Lewis also mentioned in the affidavit that during Johnson's interview with the police, he stated that "after the incident he went home and spent the remainder of his day online talking to various individuals while playing multiplayer internet games." In light of Johnson's statement regarding his activities after the alleged offense, Detective Lewis explained in the affidavit that the electronic devices, gaming consoles, and computers at Johnson's home "may contain information corroborating . . . Johnson's confession." Upon reviewing the search-warrant affidavit, the reviewing judge issued the search warrant, and the officers retrieved from the home a gray hooded sweatshirt, an iPhone, thumb drives, an X-box console, a camcorder, two laptops, a desktop

3

computer, a power cord, and a trash bag containing sweat pants. Once the items were seized, they were placed into the custody of the Pflugerville police department.

After the items were seized, a new search-warrant affidavit was prepared by Detective Tricia Mirabelle and requested the authority to perform a "forensic examination or search" on the computers, storage media, and communication devices in the possession of the police department's evidence custodian. In the affidavit, Detective Mirabelle explained that Johnson confessed to the crime of attempted aggravated kidnapping, expressed interest in hurting M.N. and K.N., stated that he has uncontrollable sexual urges regarding female children, and related "that he plays online video games which historically have been used by people with these sexual urges, to make contact with, communicate with, and entice children." Further, Detective Mirabelle specified that it was her belief that Johnson possessed or concealed in the computers, storage media, and communications devices "evidence of" or "evidence tending to show" "the offense of Attempted Aggravated Kidnapping" and that "[i]t is believed that internet searches may have been conducted in regards to locating areas where children congregate, the abduction of another person or the disposal of a body or destruction of evidence. Based upon Affiant's knowledge, training and experience, it is not uncommon for an offender to conduct such searches on the internet." Accordingly, Detective Mirabelle requested permission to search for "Internet searches or communications . . . regarding abducting children, fantasies or desires about children, body disposal and destruction of evidence, locating schools or parks or other areas where children would meet or congregate"; for "Internet searches or communications . . . with children"; for "[c]ommunication[s] with children via internet video gaming"; for "communication[s] related to children"; and for "any other data, files, videos, audios, photos, documents, records, communications related to the criminal offense of attempted

4

aggravated kidnapping." Upon reviewing the affidavit, the magistrate issued the search warrant authorizing the investigating officers to take possession of the items listed above and to search those items in the manner requested.[1]

Following his arrest but before trial, Johnson filed a motion to suppress physical evidence obtained from his home during the search.[2] In his motion, Johnson argued that the initial search "warrant was issued without probable cause," which violated his constitutional right to be free from unreasonable searches and seizures. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9; *see also* Tex. Code Crim. Proc. art. 38.23(a) (providing that evidence obtained in violation of law will not "be admitted in evidence against the accused on the trial of any criminal case"). In an accompanying brief in support of his motion to suppress, Johnson again urged that the initial search warrant was unlawful and then asserted that the error could not have been cured through the issuance of the second search warrant. In particular, although Johnson recognized that the independent-source doctrine allows the admission of evidence that was initially illegally searched

---

[1] A third search-warrant affidavit was prepared after a search of some of the seized items revealed what seemed to be child pornography. Upon finding those images, an affidavit was made asking for permission to search the seized items for evidence of child pornography, and the reviewing magistrate issued a search warrant for that purpose. When ruling on Johnson's motion to suppress, the district court adopted the magistrate's recommendation that the items seized "were lawfully searched for evidence of possession or promotion of child pornography." Johnson does not challenge that determination on appeal.

[2] Before Johnson filed the motion to suppress physical evidence, Johnson filed two motions to suppress asking the district court to suppress statements that he made to the police and to suppress evidence taken from his home and truck. Essentially, Johnson argued that he was in custody when he made the incriminating statements but had not been *Mirandized* and, accordingly, urged the district court to suppress those statements and the evidence seized as a result of those statements. The district court denied those motions to suppress. In his appellate briefing, Johnson does not challenge the district court's rulings on those motions.

5

by the police provided that the police perform a subsequent legal search that is independent from the initial illegal search, *see Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920); *Wehrenberg v. State*, 416 S.W.3d 458, 469 (Tex. Crim. App. 2013), he urged that the doctrine did not apply in this case because the second search was based on information obtained through the first illegal search.

After reviewing the parties' arguments and after convening several hearings on the motion to suppress, the magistrate issued a proposed recommendation that the motion to suppress be denied, and the district court adopted the recommendation and findings made by the magistrate. Regarding the first search, the magistrate explained that "[t]here is no chain of logic in the affidavit as to why the officer thought the computer and other electronics would corroborate the confession" but stated further that "the magistrate could have inferred there was a fair probability of there being statements by defendant [after the incident] relating to the incident to be found on computers and cellular phones in the house, or evidence of communications which may have led to evidence of such communications" because "people commonly remark upon exciting or upsetting events that have just occurred, even if in veiled terms" and because "[i]t is commonly known that computers and cellular phones can all connect to the internet and it would have been reasonable to infer that any such devices may contain records of conversations or other interactions, or text conversations messages themselves, which occurred on the same day as the alleged crime."[3] In summary, the magistrate found that "the warrant application provided probable cause, and the search warrant

---

[3] When Johnson's home was initially searched, the police seized a condom, a flashlight, and a green bag. In his proposal, the magistrate noted that the State "agrees that the condom, the flashlight, and the green bag were beyond the scope of the warrant."

6

itself sufficiently described the property to be seized, for the iPhone" and the computers but "did not provide sufficient probable cause to seize the . . . 3 thumb drives, X-box controller, camcorder, and Thermal Take/Power Cord."

Regarding the second search warrant, the magistrate initially pointed out that although the items were seized under the first warrant, no search was performed until the second warrant was issued. Further, although the magistrate acknowledged that the second affidavit "informed the magistrate considering the warrant applications of where the property was located, as required by law, and the additional fact of having been seized pursuant to a search warrant," "[n]othing in the application referred to anything which was derived from the seizure and possession of the items. The fact of the items having been seized pursuant to a previous warrant did not add anything to the probable cause and would not have influenced the magistrate's determination of probable cause." Moreover, the magistrate explained that the police would have sought the second warrant anyway and "intended to seek permission to search the items; that was the whole point of the seizure. The second warrant was simply a better considered application, without the pressure to act quickly lest evidence be destroyed or moved." Accordingly, the magistrate determined that the independent-source doctrine was applicable in this case and that the iPhone, the computers, the "3 thumb drives, X-box controller, camcorder, (and Thermal Take/Power Cord)[] were lawfully searched."

On appeal, Johnson challenges the denial of his motion to suppress.

## GOVERNING LAW AND STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a motion to suppress for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). Under that

standard, the record is "viewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)); *see also State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011) (noting that appellate courts "view the evidence in the light most favorable to the" trial court's ruling). In general, appellate courts apply "a bifurcated standard, giving almost total deference to the historical facts found by the trial court and analyzing *de novo* the trial court's application of the law." *See State v. Cuong Phu Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015); *see Arguellez*, 409 S.W.3d at 662 (explaining that appellate courts afford "almost complete deference . . . to [a trial court's] determination of historical facts, especially if those are based on an assessment of credibility and demeanor"). "However, when ruling on a motion to suppress evidence obtained pursuant to a search warrant, a trial court is limited to the four corners of the affidavit supporting the warrant and thus makes no factual or credibility determinations." *Robinson v. State*, 368 S.W.3d 588, 598 (Tex. App.—Austin 2012, pet. ref'd); *see also State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (noting that when trial court determines if there is probable cause to issue search warrant, trial court is "constrained to the four corners of the affidavit"). "This standard requires both trial and appellate courts to be highly deferential to a magistrate's decision to issue a search warrant, reflecting the constitutional preference that searches be conducted pursuant to a warrant." *Robinson*, 368 S.W.3d at 598. "While our review is limited to the four corners of the affidavit, we interpret the affidavit in a 'commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences.'" *Id.* (quoting *Rodriguez*

8

*v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). "Reviewing courts must determine whether the magistrate had a substantial basis for concluding that probable cause existed." *Id.* In addition, a trial court's ruling on the motion will be upheld if it is correct under any theory of law applicable to the case regardless of whether the trial court based its ruling on that theory. *Story*, 445 S.W.3d at 732.

## DISCUSSION

In his sole issue on appeal, Johnson contends that the district court erred when it denied his motion to suppress the evidence seized under the first search warrant. In particular, Johnson asserts that the district court's reasoning that the magistrate issuing the warrant "'could have inferred that there was a fair probability of there being statements by defendant relating to the incident to be found on computers and cellular phones in the house, or evidence of communications which may have led to evidence of such communications'" "is legally inadequate to . . . conclude that true probable cause exists" because it could not allow someone "to confidently accept the notion that it was more likely than unlikely that there would be comments or conversations on the electronic devices." Further, Johnson urges that it is not clear "whether electronic devices such as computers more often than not contain statements or comments suggesting culpability" in cases analogous to this one. Similarly, Johnson contends that the magistrate's explanation that the devices at issue "may [have] contain[ed] records of conversations or other interactions" could not support a determination that adequate probable cause to seize the requested items existed when the first warrant was issued.

Before addressing the issue on appeal, we note that after setting out the standard of review, Johnson failed to cite to any authority in the argument section of his brief to support his arguments on appeal. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain appropriate

9

citations to authorities); *Garcia v. State*, 919 S.W.2d 370, 396 (Tex. Crim. App. 1994) (explaining that failure to cite authority supporting argument on appeal presents nothing for appellate court to review).

In any event, even assuming that the affidavit for the first search warrant failed to establish probable cause, Johnson does not challenge the district court's alternative conclusion that the search and seizure of the computers, cell phone, and storage devices was proper under the second search warrant because the independent-source doctrine applied. *See Wehrenberg*, 416 S.W.3d at 465-70 (setting out scope of doctrine). "An appellant . . . must challenge all independent bases or grounds that fully support a judgment or appealable order." *See State v. Hoskins*, No. 05-13-00416-CR, 2014 WL 4090129, at *2 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (not designated for publication); *see also State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) (noting when reviewing trial court's ruling on motion to suppress that "[a] 'theory of law' is applicable to the case if the theory was presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue" and stating that "[i]f the appellant fails to argue a 'theory of law' applicable to the case on appeal, that argument is forfeited"); *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (providing that "if the trial court's ruling can be sustained on an independent ground the appellant must challenge all of the grounds on appeal"). "If even one independent ground fully supports the complained-of ruling or judgment, but an appellant does not assign error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or

10

judgment." *Hoskins*, 2014 WL 4090129, at \*2; *see also Johns v. State*, No. 14-11-00420-CR, 2012 WL 1899195, at \*8 (Tex. App.—Houston [14th Dist.] May 24, 2012, no pet.) (mem. op., not designated for publication) (stating that "[b]y failing to challenge and adequately brief the basis for the trial court's ruling, appellant cannot demonstrate that the trial court abused its discretion in admitting the video interview into evidence"); *State v. Aviles*, No. 10-07-00371-CR, 2008 WL 976955, at \*1-2 (Tex. App.—Waco Apr. 9, 2008, no pet.) (mem. op., not designated for publication) (denying State's challenge to order suppressing evidence because State failed to challenge each ground for trial court's ruling).

For all of these reasons, we overrule Johnson's issue on appeal.

## CONCLUSION

Having overruled Johnson's sole issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   April 12, 2017

Do Not Publish

11