

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00382-CR

JAMES LILLY                                                                     APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
TRIAL COURT NO. CR-2016-01012-D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant James Lilly contends that the trial court erred by denying his motion to suppress. Lilly argues that Officer Adam Frederick lacked reasonable suspicion to initiate a stop of Lilly's truck. We will affirm.

As Officer Frederick patrolled Lewisville, Texas, at about 11:15 p.m. on August 9, 2015, he noticed a dark, older model truck with a hood scoop.

----------

[1]See Tex. R. App. P. 47.4.

Believing that Lilly's truck matched a BOLO[2] alert issued for an older model, single-cab truck with a hood scoop that was associated with a recent burglary of a coin-operated machine, and noticing that Lilly's truck was about five minutes away from the reported site of the burglary, Officer Frederick stopped Lilly's truck. Officer Frederick testified at the suppression hearing that it was the hood scoop that drew his attention to Lilly's truck; it was not a common feature, and the hood-scoop feature had been specifically mentioned in the BOLO alert for a dark, older model truck connected with the burglary.

As Officer Frederick approached Lilly's truck, Lilly exited it. Officer Frederick immediately noticed that Lilly was unsteady on his feet, used the truck for balance, and had watery eyes and dilated pupils. As Lilly handed his driver's license to Officer Frederick, Officer Frederick smelled the odor of an alcoholic beverage. Based on these observations, Officer Frederick believed that Lilly could be intoxicated. Officer Frederick detained Lilly for investigation of the offense of DWI, and Officer Frederick called a DWI Enforcement Unit to the scene. By this time, Officer Frederick had learned that Lilly's truck was not the truck involved in the nearby burglary of the coin-operated machine. Ultimately, Officer Frederick arrested Lilly for the offense of DWI.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.

---

[2]BOLO is an acronym for "be on the lookout."

Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Johnson*, 68 S.W.3d at 652–53. We are required to affirm a trial court's decision on a motion to suppress if it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory in making its ruling. *State v. Copeland*, 501 S.W.3d 610, 612–13 (Tex. Crim. App. 2016) (citing *Calloway v. State*, 743 S.W.2d 645 (Tex. Crim. App. 1988)); *Romero*, 800 S.W.2d at 543; *Lewis v. State,* 664 S.W.2d 345, 347 (Tex. Crim. App. 1984).

A police officer has reasonable suspicion to detain a person if he has specific and articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is*, has been*, or soon will be engaged in criminal activity. *See Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880 (1968). Thus, if police possess a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted for the commission of a past crime, an investigative detention of that person does not run afoul of the Fourth Amendment. *See United States v. Hensley*, 469 U.S. 221, 232–33, 105 S. Ct. 675, 682 (1985) (holding that officer may detain suspect based upon police "wanted" bulletin to investigate); *Derichsweiler* v. State, 348 S.W.3d 906, 914 (Tex. Crim. App.) (explaining that reasonable suspicion to detain is determined based on cumulative information known to cooperating officers at the time of the stop and citing *Hensley*), *cert. denied*, 565 U.S. 840 (2011); *Isbell v. State*, No. 02-14-00124-CR, 2017 WL 3526339, at *6 (Tex. App.—Fort Worth Aug. 17, 2017, no pet. h.) (mem. op. on remand and on reh'g, not designated for publication) (holding that "[t]he State introduced evidence that Phillips attempted to stop the Jeep based on the Azle Police Department's bulletin regarding the July 17 incident, which was a reasonable justification for the attempted stop").

Lilly asserts that Officer Frederick's detention of him was unlawful because "[t]he officer's actions amounted to a detention that was not based on reasonable suspicion." But when Officer Frederick stopped Lilly's truck, he did possess

4

specific articulable facts (the BOLO alert) supporting a suspicion that because Lilly was driving a truck that was similar to the one described in the BOLO alert near the location where the burglary of a coin-operated machine had occurred, Lilly was or had been engaged in criminal activity, specifically, burglary of a coin-operated machine. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *see also Hensley*, 469 U.S. at 232–33, 105 S. Ct. at 682; *Derichsweiler*, 348 S.W.3d at 914; *Isbell*, 2017 WL 3526339, at *6. We overrule Lilly's sole issue complaining that Officer Frederick lacked reasonable suspicion to initiate the stop of Lilly's truck.[3]

---

[3]Lilly does not assert that, after Officer Frederick stopped Lilly's truck, Officer Frederick lacked reasonable suspicion to continue the detention to investigate the offense of DWI. Lilly's sole issue is that Officer Frederick lacked suspicion to initiate the stop.

Having overruled Lilly's sole issue, we affirm the trial court's judgment.[4]

                                                    /s/ Sue Walker
                                                    SUE WALKER
                                                    JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 28, 2017

---

[4]Because we hold that the trial court's denial of Lilly's motion to suppress was correct on the theory of law that Officer Frederick possessed reasonable suspicion to initiate the stop of Lilly's truck, we need not address the State's contention, adopted by the trial court in its conclusions of law, that Officer Frederick's stop of Lilly was a consensual encounter. *See Romero*, 800 S.W.2d at 543 (requiring court of appeals to affirm trial court's suppression ruling if it is correct under any theory); *see also* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of appeal).