The STATE of Texas

v.

Shirley COPELAND, Appellee

NO. PD-1549-15

Court of Criminal Appeals of Texas.

Delivered: October 12, 2016

---

Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria, TX, Lisa McMinn, State's Attorney, Austin, for the State.

Luis A. Martinez, Victoria, TX, for Appellee.

## OPINION

Hervey, J., delivered the opinion of the Court in which Meyers, Johnson, Keasler, Alcala, Richardson, and Newell, JJ., joined.

Shirley Copeland was charged with possession of a dangerous drug after police searched the vehicle she was in and found prescription pain medication in a plastic bag. She filed a motion to suppress, arguing that the search of the car was illegal. The trial court granted the motion and sua sponte issued findings of fact and conclusions of law. This is the State's third appeal from the trial court's ruling granting the motion to suppress.[1]

---

1. We have previously explained the facts and procedural history of this case in detail, so we address only the matters necessary for disposition of this appeal. *See State v. Copeland,* No. PD-1802-13, 2014 WL 5508985 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication).

The State's initial appeals focused on whether the police had the consent of the driver and Copeland to search the vehicle. In the first appeal, we held that Copeland could not deny consent for police to search the vehicle when the driver and registered owner of the vehicle did consent to the search. *State v. Copeland*, 399 S.W.3d 159 (Tex. Crim. App. 2013). In the next appeal, we held that the State did not procedurally default its argument at trial or on appeal that the *driver* freely and voluntarily gave his consent to search his vehicle. *Copeland*, No. PD–1802–13, 2014 WL 5508985 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication). We then remanded the cause again, instructing the court of appeals to determine if there was an alternative theory of law upon which to uphold the ruling of the trial court. *Id.* Specifically, we noted that, in her motion to suppress, Copeland argued that the length of her detention was unreasonable but that the State did not challenge that argument on appeal. *Id.* On remand, the court of appeals held that the State procedurally defaulted the length-of-detention issue. *State v. Copeland*, No. 13–11–00701–CR, 2015 WL 7039545, at *3 (Tex. App.–Corpus Christi Feb. 24, 2016) (not designated for publication). It reasoned that, because the State argued at trial that the length of Copeland's detention was reasonable, the issue was a theory applicable to the case, and as a result, the State was obliged to make that argument on appeal or forfeit it through inaction. *Id.*

The State appealed, and we exercised our discretionary review power to determine (1) whether the court of appeals erred when it held that the State procedurally defaulted the length-of-detention issue, and (2) whether the court of appeals properly performed the analysis instructed by this Court.[2] Because we agree with the court of appeals that the State procedurally defaulted the length-of-detention issue on appeal, we will affirm the judgment of the court of appeals.

## FACTS

Police were staking out a suspected drug house when they saw a vehicle pull up. The passenger got out of the car and went inside of the house for a few minutes before returning and leaving. While driving away, the driver failed to come to a complete stop at a stop sign. The police initiated a traffic stop, and during the stop, police asked to search the vehicle because they believed that Copeland was in possession of narcotics. The driver consented to the search but Copeland did not. During the search, police found a makeup bag with a tin box in it. In that box, police found a pipe and a small bag containing a powdery substance. They also found another plastic bag containing two white pills, which were later identified as Tramadol. The driver was issued a warning and allowed to leave, but the police arrested Copeland and charged her with possession of a dangerous drug. *See* TEX. HEALTH & SAFETY CODE § 483.041(a). She filed a motion to suppress, arguing that the length of her detention was impermissibly long and that, alternatively, the police did not have consent to search the vehicle. The trial court granted her motion.

## ANALYSIS

When reviewing a trial court's ruling on a motion to suppress, appellate

---

**2.** The precise grounds for review state,

   (1) Did the Court of Appeals commit reversible error by holding that the State procedurally defaulted on an issue that both the trial court and the Court of Appeals treated as a non-case dispositive issue when the case was first up for appeal?

   (2) Did the Court of Appeals fail to properly perform the review it was instructed to conduct by the Court of Criminal Appeals?

courts uphold the ruling of the court if it is correct under any "theory of law applicable to the case," even if the trial court did not rely on that theory in making its ruling. *Calloway v. State*, 743 S.W.2d 645 (Tex. Crim. App. 1988). A "theory of law" is applicable to the case if the theory was presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue. *Copeland*, 2014 WL 5508985, at *4–5. If the appellant fails to argue a "theory of law" applicable to the case on appeal, that argument is forfeited. *Id.* at *6. On the other hand, if a legal argument was not a theory of law applicable to the case, then the appellant has no obligation to preserve that argument for appeal.

■ Upon request of the losing party, a trial court must issue essential findings of fact and conclusions of law that justify its ruling. *State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006). "Essential findings" means that "the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (quoting *Cullen*, 195 S.W.3d at 699). In issuing its essential findings, trial courts have an obligation to ensure that they are "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *Id.* at 676 (quoting *State v. Ross*, 32 S.W.3d 853, 860 (Tex. Crim. App. 2000) (Womack, J., concurring)). The essential-findings rule exists to ensure that appellate courts resolve issues presented on appeal "based on the reality of what happened at the trial court level rather than on appellate assumptions that may be entirely fictitious." *Id.* at 674 (punctuation omitted) (quoting *Ross*, 32 S.W.3d at 860).

■ There is no dispute here that Copeland argued in her motion to suppress that the length of her detention was unreasonable, that the State defended that allegation at the suppression hearing, or that the State failed to raise the issue on appeal. However, the State argues that, because the trial court's findings and conclusions did not address the length-of-detention issue, it was not a theory of law applicable to the case. The State further asserts that it would be unreasonable to require parties to litigate issues that neither the trial court nor the appellate court treated as potentially case dispositive to avoid forfeiture of those issues.

■ We agree with the State that it appears that the trial court did not believe that the length-of-detention issue was dispositive and that the court had an obligation to issue all essential findings of fact. *Elias*, 339 S.W.3d at 674. In that respect, the trial court erred because it should have addressed the potentially case-dispositive, length-of-detention argument advanced by Copeland. However, the error by the trial court does not lead to the conclusion that the length-of-detention issue was not a theory of law applicable to the case. Whether a "theory of law" is applicable to a case does not turn on the completeness of a trial court's findings. Rather, the only question is whether that theory of law was litigated at the trial-court level. In this case, both parties agree that the length-of-detention argument was made at the suppression hearing. As a result, we hold that the question of whether the length of Copeland's detention was reasonable was a theory of law applicable to the case.

We disagree with the State, however, that it is unfair to require it to have made the length-of-detention argument on appeal even though the trial court did not consider that issue to be dispositive. The State was aware of the arguments it could

make to justify the discovery of the drugs, as is evident by its arguments at the suppression hearing. It was also aware (or should have been) that, if it lost the motion to suppress, it would need to make those arguments on appeal if it hoped to have the ruling of the judge reversed.[3] Also of note is the fact that the State did not object to the findings and conclusions despite knowing that one of its critical alternative arguments had not been addressed.[4] In short, we agree with the State that the trial judge had a duty to issue all "essential" findings and conclusions and that it failed to do so here, but the judge's error does not lead to the conclusion that the State should be relieved of its separate duty to preserve error for review. We hold that the State procedurally defaulted its length-of-detention argument because, although it was a theory of law applicable to the case, the State failed to advance that argument on appeal, and we affirm the judgment of the court of appeals.[5]

KELLER, P.J., filed a dissenting opinion in which YEARY, J., joined.

Keller, P.J., filed a dissenting opinion in which Yeary, J., joined.

The trial court granted appellee's motion to suppress evidence and made findings of fact. These findings of fact related to whether the police had effective consent to search a car in which appellee was a passenger.[1] During the course of the appellate process, it was determined that these findings were not sufficient to justify granting the suppression motion.[2] At the trial level, however, appellee litigated a separate legal theory that is not addressed by the trial court's findings—whether the length of detention was reasonable.[3] The Court now holds that the State procedurally defaulted any complaint regarding the length-of-detention theory because the State did not initially argue against it in the court of appeals. I believe that the Court is mistaken in so holding because error preservation is not the controlling legal principle in this case. The controlling legal principles are the *Calloway* rule that a trial court's ruling be upheld under any legal theory applicable to the case [4] and the holding in *Elias* that incomplete findings of fact require a remand for further proceedings.[5]

Under the *Calloway* rule, an appellate court must uphold a trial court's ruling if that ruling can be upheld under any legal theory applicable to the case—even if the legal theory was not articulated by the trial court.[6] The length-of-detention issue is a possible unarticulated alternative basis, under the *Calloway* rule, for upholding the trial court's granting of the motion to

---

**3.** *State v. Esparza*, 413 S.W.3d 81, 85 (Tex. Crim. App. 2013) (explaining that the *Calloway* rule was adopted in 1988) (citing *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988)).

**4.** The essential-findings rule has been the law for over a decade. *Cullen*, 195 S.W.3d at 699.

**5.** Given our disposition of the State's first ground, we overrule its second ground asking whether the court of appeals failed to perform the analysis required by this Court on remand.

**1.** *See State v. Copeland*, 380 S.W.3d 214, 216–17 (Tex. App.–Corpus Christi 2012), *rev'd*, 399 S.W.3d 159 (Tex. Crim. App. 2013).

**2.** *See Copeland*, 399 S.W.3d at 166–67.

**3.** *See id.* at 160.

**4.** *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988).

**5.** *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).

**6.** *Calloway*, 743 S.W.2d at 651–52. *See also State v. Esparza*, 413 S.W.3d 81, 85–86 (Tex. Crim. App. 2013).

suppress. Under *Calloway* (before *Elias*), the court of appeals should have determined whether the trial court's ruling could be upheld under the length-of-detention basis. We have not held under the *Calloway* rule that the losing party has the burden on appeal to preemptively articulate and challenge possible alternative bases for upholding the trial court's ruling.

There are three circumstances in this case that negate any conclusion that the State procedurally defaulted the length-of-detention issue: (1) the issue was litigated at the trial level, (2) the issue was advanced by appellee as a basis for obtaining relief, not by the State as a basis for denying relief, and (3) the trial court made findings, but not on this issue. First, because the issue was litigated at trial, we are not faced with a failure by the State to preserve a claim in the trial court.[7] The Court implicitly acknowledges this and contends, instead, that the State's procedural default occurred when it failed to argue the length-of-detention issue to the court of appeals. But that brings me to the second point.

The length-of-detention issue was argued by *appellee* in the trial court as one of two alternative bases for granting the motion to suppress. This stands in contrast with the issues at stake in *Mercado*—the inventory-search and search-incident-to-arrest exceptions to the warrant requirement—which were being relied upon by the *State* (as appellant) as independent defenses to the motion to suppress.[8] The State in *Mercado* failed to raise the search-incident-to-arrest defense at the

trial level, but if it had, it would then have been reasonable for an appellate court to expect the State to raise the defense on appeal in order to obtain review of it. But the State is not always responsible for raising an appellate complaint about an appellee's alternative grounds for granting a motion to suppress. Which brings me to the third point.

There are two circumstances in which the State, as the appealing party, would be responsible for raising an appellate complaint about an appellee's alternative ground for granting a motion to suppress: (1) when the trial court makes no findings at all, and (2) when the trial court makes findings on the appellee's ground in the appellee's favor. When there are no findings of fact explaining the basis for the trial judge's decision, an appellate court must imply findings that support the ruling as long as the evidence supports the implied findings.[9] Because the State-appellant does not know, in the absence of findings, which of an appellee's alternative grounds for suppression were accepted by the trial court, it makes sense to require the State to challenge all of them on appeal. That situation is avoided if the trial court issues findings, and if the trial court does not do so on its own accord, it can be required to do so by the losing party.[10] The whole point of findings is to determine what the trial court actually thought,[11] and in doing so, the findings help to narrow the issues to be litigated on appeal.

If the trial court issues findings, and those findings resolve a basis for relief in appellee's favor, it likewise makes sense to

---

7. *Cf. State v. Mercado*, 972 S.W.2d 75 (Tex. Crim. App. 1998) (State raised "inventory search" exception to the warrant requirement in the trial court but did not raise "search-incident-to-arrest exception.").

8. *See id.*

9. *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011).

10. *State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006).

11. *Id.*

require the State to make a complaint regarding that basis for relief on appeal. But if the trial court issues findings, and the findings do not address a particular basis for relief litigated by the appellee, *Elias* dictates that we accord no presumption that the trial court resolved the unaddressed basis in the prevailing party's favor.[12] Nor does *Elias* require the appealing party to complain that the findings are inadequate; remand for further factfinding is required whenever the appellate court, after rejecting a basis for relief that was addressed in the trial court's findings, determines that the findings made by the trial court are not adequate to dispose of the case.[13] Once that determination is made, the case should be remanded for further findings of fact.[14] Of course, an appellee has no burden to preserve error, as long as the issue is one that turns upon predicate facts that the opposing party was "fairly called upon to adduce during the course of the proceedings below."[15] Before reversing the trial court's decision, the court of appeals would be obligated to address such an issue, and if it reversed without doing so, an appellee could complain for the first time in a petition for discretionary review.[16] So, when this Court rejected appellee's lack-of-consent claim, the court of appeals was obligated on remand to resolve the length-of-detention claim, even though the latter claim is not addressed by the trial court's findings.

But the State was never obligated to raise the length-of-detention claim in the appellate courts. The State did raise a complaint about the consent claim—the basis for relief that was articulated in the trial court's findings. Once that complaint was sustained, it became clear that the findings were incomplete, either as a factual or legal matter. The court of appeals would not need to remand for further findings if it were to determine that the length-of-detention issue can be resolved as a matter of law—that is, if the appellate court could determine that one of the parties is entitled to prevail under the evidence regardless of what findings the trial court might issue. But if the court of appeals were to determine that a resolution of disputed facts were necessary, then, under *Elias*, a remand for further findings would be required.

Because the Court has applied the law of procedural default when it should have applied the holdings in *Calloway* and *Elias*, its conclusion that the State has committed a procedural default is incorrect. I respectfully dissent.

12. 339 S.W.3d at 676 ("[T]he trial court, once having taken it upon itself to enter specific findings and conclusions ... assumed an obligation to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings.").

13. *See id.* at 675–76 (concluding that the trial court's findings erroneously applied a subjective standard in determining the existence of reasonable suspicion and rejecting the appel-

lee's claim that this Court should nevertheless presume, absent findings one way or the other, that the trial court disbelieved the police officer's testimony).

14. *Id.* at 676.

15. *Esparza*, 413 S.W.3d at 90.

16. *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007).