

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-16-00135-CR

THE STATE OF TEXAS, APPELLANT

V.

NATHANIEL JAY KAPLAN, APPELLEE

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 973, Honorable Ron Enns, Presiding

October 31, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The State of Texas has filed an interlocutory appeal of the trial court's order granting appellee Nathaniel J. Kaplan's motion to suppress evidence.[1] Both the State's brief and appellee's brief have been filed. The State has presented two issues. For

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West 2015) (State may appeal trial court's grant of motion to suppress evidence).

reasons we will outline, on our own motion we will abate the appeal and remand the cause to the trial court.

Kaplan was indicted for possession of marijuana and another controlled substance. The illegal substances were found in his vehicle when it was searched after a traffic stop. Kaplan's motion to suppress asserted the Stratford, Texas officers who made the stop did not see him commit a traffic violation and thus had no objective basis justifying the stop. The motion contained a detailed analysis of the officers' report and of the video from their patrol car camera. The motion's argument was based on the provisions of Texas Transportation Code section 544.010, regarding a driver's duty to stop at an intersection with a stop sign.[2]

The arresting officer testified at the suppression hearing. He asserted the intersection at which he stopped Kaplan is governed by Transportation Code section 554.008(a), which addresses intersections containing a flashing red signal.[3] He testified he observed Kaplan's vehicle stopped with its front tires resting on the forward edge of the stop line, the tires having passed over the painted line. Counsel and the court discussed both transportation code sections at the hearing, and the court stated from the bench an opinion regarding the proper interpretation of section 554.008(a). The State argued a different interpretation, and the State argued the stop in any event could be justified under the holding of the United States Supreme Court's opinion in *Heien v.*

---

[2] TEX. TRANSP. CODE ANN. § 544.010 (West 2015).

[3] TEX. TRANSP. CODE ANN. § 544.008(a) (West 2015).

*North Carolina.*[4]   The court announced its ruling granting the motion to suppress and signed an order the next day.

Both the State and Kaplan submitted proposed findings of fact and conclusions of law.  The court signed those submitted by Kaplan.  Those findings, like the motion to suppress, appear to be based on the law applicable to intersections governed by stop signs. The findings also suggest the court's ruling might have been influenced by credibility determinations regarding the vehicle's actual, or at least initial, stopping point, as reflected by the officer's testimony and the views depicted from the video.  Neither the findings nor conclusions mention the court's stated opinion regarding the proper interpretation of section 554.008(a).

When reviewing a trial court's ruling on a motion to suppress, appellate courts uphold the ruling of the court if it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory in making its ruling. *State v. Copeland,* No. PD-1549-15, 2016 Tex. Crim. App. LEXIS 1195, at *4-5 (Tex. Crim. App. 2016) (*citing Calloway v. State*, 743 S.W.2d 645 (Tex. Crim. App. 1988)). A "theory of law applicable to the case" is one presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue. *Id.* (citation omitted). On request of the losing party, a trial court must issue essential findings of fact and conclusions of law that justify its ruling. *Id.* (*citing State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006)).  The requirement for "essential findings" means that the trial court must make findings of fact and conclusions of law "adequate to provide an

---

[4] 2014 U.S. LEXIS 8306, 135 S. Ct. 530, 190 L. Ed. 2d 475 (2014).

3

appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.* (*citing State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011).

"In issuing its essential findings, trial courts have an obligation to ensure that they are 'adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings.'" *Copeland,* 2016 Tex. Crim. App. LEXIS 1195, at *5 (citations omitted). The essential-findings requirement exists to ensure that appellate courts resolve issues presented on appeal "based on the reality of what happened at the trial court level rather than on appellate assumptions that may be entirely fictitious." *Id.* (citations omitted); *see also State v. Saenz*, 411 S.W.3d 488 (Tex. Crim. App. 2013); *State v. Mendoza*, 365 S.W.3d 666 (Tex. Crim. App. 2012) (both applying *Elias*).

From our review of the motion to suppress and the record of the suppression hearing, we find the findings and conclusions submitted by Kaplan's counsel and signed by the trial court are not complete or adequate. They do not address "every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *Elias,* 339 S.W.3d at 676, nor are they adequate to provide us a basis on which to review the trial court's application of the law to the facts. *Id*. at 674. Accordingly, we must abate the interlocutory appeal and remand the cause to the trial court. TEX. R. APP. P. 44.4; *Elias*, 339 S.W.3d at 676. On remand, we direct the trial court to execute supplemental findings of fact and conclusions of law, consistent with the authority we have cited. Our summary of the proceedings in the trial court is not intended to limit the issues the trial court may consider appropriate to address in its

supplemental findings and conclusions. Its supplemental findings, however, must be based on the facts that currently appear in the record. *Saenz*, 411 S.W.3d at 497 n6.

The court's supplemental findings and conclusions shall be filed with the clerk of this Court, via a supplemental clerk's record, as soon as is feasible and in any event by November 21, 2016. If additional time is needed, the court may request it by that date.

It is so ordered.

Per Curiam

Do not publish.