# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00133-CR

---

**The State of Texas, Appellant**

**v.**

**Samuel Martinez, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY**
**NO. 2018CR1273, THE HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals the trial court's order granting the pretrial motion to suppress filed by appellee Samuel Martinez, who was arrested for the offense of driving while intoxicated following contact with police at his home after he was involved in a one-vehicle accident.[1] *See* Tex. Code Crim. Proc. art. 44.01(a)(5). After the order was entered, the State

---

[1] The record reflects that Martinez actually filed two pretrial motions to suppress. The first motion sought suppression of evidence based on Martinez's contention that, because the police conduct created a situation that would lead a reasonable person to believe that his freedom of movement had been restricted to the degree associated with a formal arrest, he was subjected to a custodial interrogation without having first been given the requisite constitutional and statutory warnings. The second motion sought suppression based on Martinez's contention that he was illegally arrested because a one-vehicle accident resulting in damage to property is not a breach of the peace, so the police lacked statutory authority to arrest him without a warrant. It is unclear from the order which of the two motions the trial court granted or if the order was intended to grant both motions.

requested written findings of fact and conclusions of law. The trial court subsequently issued writing findings of fact and conclusions of law,[2] concluding that:

- the initial police officer's command for Martinez to exit his home "amounted to an unreasonable intrusion into [Martinez's] home without a warrant" that was "contrary to the requirements of the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution";

- at the time the officer issued this command to Martinez:

  - he was not exercising a community caretaking function,

  - he did not have reasonable suspicion or probable cause to believe that the crime of "Accident Involving Damage to a Fixture" had occurred, and

  - no exigency existed to circumvent the requirement of a search warrant;

- the actions the officer took "would lead a reasonable person to believe that their freedom of movement was restrained to the degree associated with a formal arrest";

- Martinez "was effectively placed in custody when [the officer] ordered him to exit his home and to sit on the edge of the porch";

- the officer did not have reasonable suspicion to detain Martinez or probable cause to place Martinez in custody;

_____

[2] We previously abated this appeal on the State's request. *See State v. Martinez*, No. 03-19-00133-CR, 2019 WL 2202214, at *1 (Tex. App.—Austin May 22, 2019, no pet.) (per curiam). At the time the State filed its motion to abate, the trial court had not yet entered its findings of fact and conclusions of law. At the time this Court ruled on the State's motion, the trial court had entered its findings of fact and conclusions of law. However, the findings and conclusions were not dated. Thus, in an abundance of caution, this Court abated the appeal to ensure that the findings of fact and conclusions of law were entered when the trial court had jurisdiction to do so. *See* Tex. R. App. P. 25.2(g); *see also Green v. State*, 906 S.W.2d 937, 939–40 & n.4 (Tex. Crim. App. 1995) (holding that trial court lost jurisdiction to act once trial record was filed with court of appeals and thus written order setting forth findings of fact and conclusions of law entered one year later was "null and void"; "[t]he proper way to revive the trial court's authority to take action is by abatement"); *State v. Grays*, No. 03-18-00531-CR, 2018 WL 4320739, at *1 (Tex. App.—Austin Sept. 11, 2018, no pet.) (per curiam) (observing that when trial court is required to make findings of fact but has lost jurisdiction to do so, trial court's authority to take action may be revived by abatement). On remand, the trial court issued "nunc pro tunc" findings and conclusions, which were substantively the same as the previous findings and conclusions.

- Martinez's one-vehicle accident with a utility pole was not a breach of the peace; and

- the officer violated article 14.03(a)(1) of the Code of Criminal Procedure by taking Martinez into custody.[3]

For the following reasons, we will abate the appeal and remand the case to the trial court so that it may make additional findings and conclusions necessary to the disposition of this appeal.

"Upon request of the losing party, a trial court must issue essential findings of fact and conclusions of law that justify its ruling." *State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) (quoting *State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006)); *accord State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013). "'Essential findings' means that 'the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.'" *Copeland*, 501 S.W.3d at 613 (quoting *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011)); *accord Saenz*, 411 S.W.3d at 495. "In issuing its essential findings, trial courts have an obligation to ensure that they are 'adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings,'" *Copeland*, 501 S.W.3d at 613 (quoting *Elias*, 339 S.W.3d at 674), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing, *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). "The essential-

---

[3] All of the trial court's fact findings and legal conclusions concern the officer who initially made contact with Martinez at his home. After this officer commanded Martinez to exit his home, he began questioning Martinez. During that questioning, a backup officer arrived on the scene. Later, this backup officer questioned Martinez and then called an additional officer, who was certified to administer standardized field sobriety tests, to assist in the DWI investigation. The trial court made no facts findings or legal conclusions with respect to these other two officers.

findings rule exists to ensure that appellate courts resolve issues presented on appeal 'based on the reality of what happened at the trial court level rather than on appellate assumptions that may be entirely fictitious.'" *Copeland*, 501 S.W.3d at 613 (quoting *Elias*, 339 S.W.3d at 674); *see Mendoza*, 365 S.W.3d at 671 (explaining that requirement that trial court make specific findings of fact "ensure[s] that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing").

An appellate court may not "presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion and when those findings have been properly requested by a losing party." *Saenz*, 411 S.W.3d at 495 (citing *Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699). Instead, "an appellate court must abate for additional findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination." *Id.* (citing *Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699). "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

This case raises multiple issues concerning the legality of the police contact with Martinez at his home, including whether the officer who made initial contact with Martinez engaged in a consensual encounter with Martinez or detained him; if the officer detained Martinez, whether he had reasonable suspicion for that detention; whether the police encounter with Martinez rose to the level of custody and, if so, whether police had probable cause to place Martinez in custody or arrest him; whether Martinez was subjected to a custodial interrogation and if so, whether that custodial interrogation occurred without the requisite constitutional and

statutory warnings being given; and whether exigent circumstances or the community caretaking function excused the police from complying with the requirements to obtain a search warrant and arrest warrant.

At the suppression hearing, the trial court considered the testimony of the initial officer who made contact with Martinez, the only witness who testified; the video recordings from the initial officer's patrol-car dash camera and his body camera; and the offense reports of the three officers who interacted with Martinez at his home. Based on that evidence, the State argued that when the initial officer made contact with Martinez at his home, the officer had reasonable suspicion to believe that Martinez had committed at least one of two possible offenses: (1) failure to comply with the statutory duties of a driver involved in an accident resulting in property damage, *see* Tex. Transp. Code § 550.025(a) ("Duty on Striking Structure, Fixture, or Highway Landscaping"); and (2) driving while intoxicated, *see* Tex. Penal Code § 49.04(a). The State also maintained that Martinez was not in custody but only subjected to an investigative detention until the police developed, through a DWI investigation that ensued after making contact with Martinez, probable cause to believe that Martinez had committed the offense of DWI. The State further maintained that a DWI is a "breach of the peace" and, therefore, the police had authority under article 14.03 of the Code of Criminal Procedure to arrest Martinez without a warrant.

The trial court made several, albeit limited, findings regarding Transportation Code Section 550.025 and concluded that the initial officer did not have reasonable suspicion or probable cause to believe that Martinez had violated that statute.[4] The trial court, however, made

---

[4] In its findings and conclusions, the trial court did not reference the particular statutory section of the Transportation Code at issue but simply referred to "the crime of Accident

5

no findings regarding the violation of Penal Code Section 49.04(a), the DWI offense. While some of the trial court's conclusions are general enough that they might be applicable to the DWI offense—that the officer's "detention of [Martinez] was without reasonable suspicion," that the officer "did not possess probable cause to place Defendant in custody," and that the officer's "actions placing [Martinez] in custody were in violation of Texas Code of Criminal Procedure Article 14.03(a)(1)"—given that these conclusions specifically name the initial officer and not the subsequent officers who were directly involved in the DWI investigation, it is more likely that these conclusions concern only the initial police contact with Martinez and relate only to the Transportation Code offense.

While the trial court may have determined that the legal issues related to the initial officer's contact with Martinez—whether that contact was a consensual encounter or an investigative detention; if it was a detention, whether it was supported by reasonable suspicion; whether the initial officer's conduct placed Martinez in custody and the officer's questioning of Martinez constituted a custodial interrogation; whether the initial officer was exercising a community caretaking function; and whether exigent circumstances existed such that no search warrant or arrest warrant was required for the initial officer's detention or custody of Martinez— were dipositive of the suppression issues raised, the trial court did not address these legal issues with regard to the DWI offense. That is, the trial court made no factual findings or legal conclusions regarding reasonable suspicion or probable cause as related to DWI. Further, although the trial court made fact findings as to what the initial officer testified to at the suppression hearing, the court did not make any findings as to whether it found such testimony—

Involving Damage to a Fixture." However, although the prosecutor and the officer refer to the offense as "fleeing the scene of an accident" at the suppression hearing, both parties cite to this statutory section in their briefing to the trial court.

6

or portions of it—to be credible. *See Mendoza*, 365 S.W.3d at 672 (concluding that trial court's fact findings were inadequate because "these factual findings [did] not find many historical facts, nor [did] they find that [the officer's] beliefs and feelings were objectively reasonable ones" and "[t]hey also contain[ed] no credibility assessment of [the officer's] testimony").

Accordingly, we abate this appeal and remand the cause to the trial court to make additional fact findings and conclusions of law consistent with this order. *See Elias*, 339 S.W.3d at 676–77; *see also* Tex. R. App. 44.4; *see, e.g.*, *Mendoza*, 365 S.W.3d at 673 (remanding case to court of appeals with instructions to abate it to trial court for further entry of fact findings that clarify ambiguous factual findings, make explicit credibility determinations, and "dispel any confusion about precisely what historical facts the trial judge found and whether [the judge] found [the officer's] beliefs and conclusions objectively reasonable, based on the historical facts"); *State v. McMahan*, No. 03-19-00824-CR, 2020 WL 5392751, at *2 (Tex. App.—Austin Sept. 4, 2020, no pet.) (per curiam) (concluding that trial court's fact findings were inadequate because they were "conclusory and ambiguous" and did not contain information essential for determination of whether officer had reasonable suspicion to believe that defendant violated Transportation Code section at issue); *State v. Padon*, No. 03-16-00532-CR, 2017 WL 562642, at *1 (Tex. App.—Austin Feb. 9, 2017, no pet.) (per curiam) (abating appeal for more detailed fact findings as to exigent circumstances). A supplemental clerk's record containing the additional findings of fact and conclusions of law shall be filed with this Court by March 5, 2021. This appeal will be reinstated after the supplemental clerk's record is filed.

It is so ordered February 4, 2021.

7

Before Justices Goodwin, Kelly, and Smith

Abated and Remanded

Filed:   February 4, 2021

Do Not Publish