**Reverse and Remand; Opinion Filed March 22, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00298-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**JASON DEFON ARMSTRONG, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M1761288**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

This is a State's appeal from an order granting the defendant's motion to suppress a driving while intoxicated (DWI) blood analysis. Appellee Jason Defon Armstrong was charged via complaint and information with DWI. *See* TEX. PENAL CODE ANN. § 49.04. The trial court suppressed the blood analysis and the State appealed. We reverse and remand.

### DISCUSSION

The State brings two issues arguing that, under the Fourth Amendment, the blood analysis that revealed PCP in appellee's (a DWI arrestee's) warrant-drawn blood specimen was not an illegal search under the Fourth Amendment, and that a

blood warrant with a three-day execution deadline was timely executed when the blood was seized eleven minutes after the warrant's issuance.

The record shows appellee was arrested for DWI after being observed failing to maintain a single lane and falling asleep at the wheel. After arresting appellee for DWI and finding, as stated in the search warrant affidavit, an "empty PCP vial" underneath the driver's seat, a police officer requested a specimen of appellee's blood. Appellee refused and the officer applied for a search warrant to obtain a blood specimen. The officer also requested authorization to forensically analyze the blood for the presence of intoxicants.

A magistrate issued an evidentiary search warrant on October 7, 2017, at 1:13 a.m., and gave the officer three days to execute the warrant. At 1:24 a.m., eleven minutes after the warrant issued, a qualified technician from Parkland Hospital drew appellee's blood. The following day, the specimen was sent to the Southwestern Institute of Forensic Sciences (SWIFS) crime lab for analysis. A test conducted on October 19, 2017, twelve days after the warrant's issuance, indicated the presence of methamphetamine, Phencyclidine (PCP), Oxycodone, and Zolpidem in appellee's blood specimen. The State charged appellee with DWI.

Appellee filed a motion in limine and a "Motion to Suppress Blood Alcohol Analysis," each requesting suppression of the results of the October 19th "blood alcohol analysis." Appellee argued that the blood analysis was a separate Fourth Amendment search. He also argued this separate search required a warrant, and

–2–

although the warrant in this case authorized the State to analyze the blood specimen, the specimen was not analyzed within the three-day execution window for the warrant. *See* TEX. CODE CRIM. PROC. art. 18.07(a)(3) (three-day period allowed for execution of search warrant, exclusive of day of issuance and day of execution).

The trial court held a pretrial hearing on appellee's motion to suppress. After admitting the search warrant affidavit and quality control packet, and hearing arguments from the parties, the court granted the motion to suppress. The court observed that the warrant, by its own terms and by statute, needed to be executed within three days. The blood analysis revealing the specimen's PCP concentration occurred more than three days after the warrant issued; thus, the court suppressed it. Alternatively, the trial court also referred to "questions that weren't really raised, except maybe pertained to in the State's motion that this was a second search of the blood." Although the trial court acknowledged it "didn't hear much argument on that," it was revealed by counsel for the State during the hearing that the blood specimen had been previously tested for alcohol. The trial court saw "questions about . . . whether or not this additional analysis was legal, considering [the specimen] had already been searched previously," and the court apparently considered this to be yet another reason to grant the motion to suppress.

In its findings of fact and conclusions of law, the court found that appellee's motion to suppress was based on "the staleness of the search warrant when the blood was analyzed," and it concluded as follows:

1. Article 18.07(a)(3) of the Texas Code of Criminal Procedure states that the number of days allowed for a warrant to be executed is within three (3) days, exclusive of its issuance and the day of its execution.

2. The analysis in this case was performed twelve (12) days after the issuance of the warrant for the blood.

3. The Court found the analysis of this blood constituted a search that fell outside the running time of the warrant and should therefore be suppressed.

The State's brief on appeal argues the trial court erred in granting the defendant's motion to suppress for two reasons: (1) the blood analysis was not a search because appellee lost his expectation of privacy against intoxicant testing when the blood was drawn for forensic purposes with a valid warrant; and (2) the blood-draw warrant was properly executed when the blood was drawn, and there is no deadline for performing the analysis.

On the search issue, the Texas Court of Criminal Appeals' decision in *Crider v. State*, 607 S.W.3d 305 (Tex. Crim. App. 2020) is dispositive. In *Crider*, the Court of Criminal Appeals held that "the chemical testing of the blood, based upon a warrant that justifies the extraction of blood for that very purpose, is a reasonable search for Fourth Amendment purposes." *Id*. at 308. Considering similar facts to those before us now, the court stated:

> Here, the State obtained the blood sample by way of a magistrate's determination that probable cause existed to justify its seizure—for the explicit purpose of determining its evidentiary value to prove the offense of driving while intoxicated. That magistrate's determination was sufficient in this case to justify the chemical testing of the blood. And this is so, we hold, even if the warrant itself did not expressly authorize the chemical testing on its face.

–4–

*Id.* Thus, we reject appellee's contention that the State was required to obtain a search warrant before testing appellee's blood specimen for the reasons stated by the Court of Criminal Appeals in *Crider*. *Id.*

Regarding appellant's argument that the blood specimen was not analyzed within the three-day statutory window for the execution of the warrant, this Court's decision in *State v. Jones*, 608 S.W.3d 262 (Tex. App.—Dallas 2020, pet. ref'd) is dispositive. In *Jones*, we noted that article 18.07 of the Texas Code of Criminal Procedure, entitled "Days allowed for warrant to run," gives an officer three days for the "execution" of most search warrants, excluding the date of issuance and date of execution. *Id.* at 265 (citing TEX. CODE CRIM. PROC. ANN. art. 18.07(a)(3)). We observed that article 18.07 "specifies that with certain exceptions not applicable here, a warrant must be *executed* within three days of its issuance, exclusive of the day of issuance and the day of execution," and we concluded that "[t]he execution of the warrant is the blood draw, not the testing and/or analysis of that blood." *Id.* We accordingly declined appellant's invitation to create new law on this subject. *See id.* We similarly decline appellee's invitation here.

Appellee also argues the search warrant was not a valid warrant because it was not supported by probable cause in that the attached sworn statement of the police officer did not provide sufficient probable cause. It was, therefore, according to appellee, conclusory in nature without setting forth sufficient facts. However, the general rule is that when an appellee proffers an alternative legal theory for the first

–5–

time on appeal as a basis to affirm an otherwise erroneous order that turns upon the production of predicate facts by an appellant that it was never fairly called upon to adduce during the proceedings below, the alternative theory should not be considered "law applicable to the case" and available to justify an otherwise erroneous ruling. *See State v. Esparza*, 413 S.W.3d 81, 90 (Tex. Crim. App. 2013); *Martinez v. State*, No. 05-18-01107-CR, 2020 WL 913857, at *7 n.5 (Tex. App.—Dallas Feb. 26, 2020, pet. ref'd) (mem. op., not designated for publication) ("[W]e will not affirm on a theory first raised on appeal if the appellant was not fairly called upon to develop the factual record on which the issue turns."); *State v. Duncan*, No. 05-13-01176-CR, 2014 WL 2937175, at *3 (Tex. App.—Dallas June 26, 2014, no pet.) (mem. op., not designated for publication) (same); *see also State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) ("A 'theory of law' is applicable to the case if the theory was presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue.").

In this case, appellee never argued in his motion to suppress that the search warrant was invalid because it was not supported by probable cause in that the attached sworn statement of the police officer did not provide sufficient probable cause, nor was this issue litigated at the suppression hearing. Thus, the record is not adequately developed to rule on the issue for the first time on appeal, and it cannot be used as a basis for affirming the trial court's order. *See, e.g., Esparza*, 413 S.W.3d

at 90.[1]

We conclude the trial court erred in granting appellee's motion to suppress. We sustain the State's issues, reverse the trial court's order granting the defendant's motion to suppress, and we remand this case for further proceedings.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200298F.U05

---

[1] The same is true for any alternative finding by the trial court—an issue that was neither raised in appellee's motion to suppress nor litigated at the hearing. Accordingly, here, too, the record is inadequately developed to rule on the issue for the first time on appeal. *See id.*



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-20-00298-CR     V.

JASON DEFON ARMSTRONG, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. M1761288.
Opinion delivered by Justice Myers. Justices Osborne and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED,** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 22nd day of March, 2021.