# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00133-CR

---

**The State of Texas, Appellant**

**v.**

**Samuel Martinez, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2018CR1273, THE HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals the trial court's order granting two pretrial motions to suppress filed by appellee Samuel Martinez, who was arrested for the offense of driving while intoxicated following contact with police at his home after he was involved in a one-vehicle accident. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). After the order was entered, the State requested written findings of fact and conclusions of law, and, after the appeal was abated by this Court, *see State v. Martinez*, No. 03-19-00133-CR, 2019 WL 2202214, at *1 (Tex. App.—Austin May 22, 2019) (per curiam), the trial court issued written findings of fact and conclusions of law.

After reviewing the trial court's findings and conclusions, we abated the appeal and remanded the cause to the trial court for additional findings of fact and conclusions of law. *See State v. Martinez*, No. 03-19-00133-CR, 2021 WL 386424, at *3 (Tex. App.—

Austin Feb. 4, 2021, no pet.) (per curiam). We observed that the State had argued at the suppression hearing that when the initial police officer made contact with Martinez at his home, the officer had reasonable suspicion to believe that Martinez had committed at least one of two possible offenses: (1) failure to comply with the statutory duties of a driver involved in an accident resulting in property damage, *see* Tex. Transp. Code § 550.025(a) ("Duty on Striking Structure, Fixture, or Highway Landscaping"); and (2) driving while intoxicated, *see* Tex. Penal Code § 49.04(a). *See id.* at \*2. We noted that "[t]he trial court made several, albeit limited, findings regarding Transportation Code Section 550.025 and concluded that the initial officer did not have reasonable suspicion or probable cause to believe that Martinez had violated that statute" but that "the trial court made no fact findings or legal conclusions regarding the violation of Penal Code Section 49.04(a), the DWI offense." *See id.* at \*3. We further noted that "although the trial court made fact findings as to what the initial officer testified to at the suppression hearing, the court did not make any findings as to whether it found such testimony— or portions of it—to be credible." *See id.* For those reasons, we abated the appeal and remanded the case to the trial court to make additional fact findings and legal conclusions necessary to the disposition of this appeal. *See State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) (stating that "[u]pon request of the losing party, a trial court must issue essential findings of fact and conclusions of law that justify its ruling" (citing *State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006))).

We have received additional findings of fact and conclusions of law that the trial court entered "pursuant to" our abatement order. However, although the trial court made some additional fact findings and legal conclusions, the findings and conclusions still do not include the essential findings and conclusions "adequate for [this Court] to decide the legal

2

determinations in the case." *See State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013); *see also Copeland*, 501 S.W.3d at 613 ("'Essential findings' means that 'the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.' In issuing its essential findings, trial courts have an obligation to ensure that they are 'adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings.'" (quoting *State v. Elias*, 339 S.W.3d 667, 674, 676 (Tex. Crim. App. 2011))).

While the trial court concluded that "[w]hen [the initial officer] ordered Defendant from his home, he did not possess reasonable suspicion or probable cause to detain or arrest Mr. Martinez for any offense, including but not limited to the offenses of Driving While Intoxicated or Texas Transportation Code 550.025," the trial court made no factual findings supporting that legal conclusion as to DWI. For example, the trial court made no findings about the officer's knowledge of Martinez's driving behaviors (beyond somehow striking the utility pole), his alcohol consumption, or any possible signs of intoxication at the time that the officer initiated contact with Martinez.

Further, although the trial court made a fact finding that "[the initial officer]'s testimony regarding the status of Defendant as not being in custody was not credible," the court made no credibility determinations as to the officer's testimony about historical facts or as to his knowledge (or lack thereof) of those facts. For example, the court made no finding as to whether the court found credible the officer's testimony reflecting that when initiating contact with Martinez, his "main concern" was Martinez's possible injuries. Some evidence at the suppression hearing supported that the officer might have had reason to believe that Martinez

3

was injured, but other evidence showed that the officer delayed getting Martinez examined by EMS, who were on the scene, until after questioning him.

More specific fact findings, including findings as to which portions of the initial officer's testimony the court found credible, are essential to a determination of whether the trial court's legal conclusions—particularly the court's conclusions that the initial officer lacked reasonable suspicion or probable cause as it relates to DWI and "[t]hat neither exigent circumstances nor the community caretaking function excused any of the officers' conduct from complying with the requirements to obtain a search warrant and arrest warrant"—are supported by the evidence presented at the suppression hearing. *See State v. Mendoza*, 365 S.W.3d 666, 672 (Tex. Crim. App. 2012) (concluding that trial court's fact findings were inadequate because "these factual findings [did] not find many historical facts, nor [did] they find that [the officer's] beliefs and feelings were objectively reasonable ones" and "[t]hey also contain[ed] no credibility assessment of [the officer's] testimony").

Accordingly, we again abate this appeal and remand the cause to the trial court to make additional "findings of fact and conclusions of law adequate to provide [this Court] with a basis upon which to review the trial court's application of the law to the facts." *See Cullen*, 195 S.W.3d at 699; *see also Saenz*, 411 S.W.3d at 495 (instructing that "an appellate court must abate for additional findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination"). A supplemental clerk's record containing the additional findings of fact and conclusions of law shall be filed with this Court by April 23, 2021. This appeal will be reinstated after the supplemental clerk's record is filed.

It is so ordered on March 24, 2021.

4

Before Justices Goodwin, Kelly, and Smith

Abated and Remanded

Filed:   March 24, 2021

Do Not Publish