

# NUMBER 13-19-00603-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                      Appellant,

v.

CHRISTOPHER TUMLINSON,                                          Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

The State of Texas appeals the trial court's order granting a motion to suppress in favor of appellee Christopher Tumlinson. The State contends that the trial court erred in granting appellee's motion to suppress because the search of the passenger's luggage was authorized by the driver's consent, or, in the alternative, the police had probable cause to search for drugs under the automobile exception. We reverse and render.

## I.    BACKGROUND

Appellee was charged with intentionally and knowingly possessing a controlled substance, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. Appellee filed a motion to suppress, and the trial court held a hearing.

At the motion to suppress hearing, the State called Corpus Christi Police Officer Daniel Hippert, the arresting officer, to testify. Officer Hippert testified that he and his training officer, Officer George Fernandez, were on patrol when they conducted a traffic stop of a pick-up truck for an expired registration. The truck was driven by Jesse DeBoard and had two passengers; appellee was in the front passenger seat and there was a female passenger in the rear of the cab. The driver admitted that he did not have a valid driver's license. Officer Hippert testified that he asked the driver to exit the vehicle. Officer Fernandez collected the identification for the two passengers. After running the occupants' information through a background check, a probation violation warrant came back under appellee's name. Appellee was then asked to exit the truck, he was patted down, and arrested under the parole violation warrant. Appellee was then placed in the rear seat of the patrol vehicle.

Officer Hippert testified that after the arrest of appellee, he asked the driver of the truck if there was anything illegal in the truck and for his consent to search the truck. Officer Hippert recalled that the driver stated that there was nothing illegal in the truck but "if there is, it is not mine," and consented to the search. According to Officer Hippert, the truck was "quite messy" and had a lot of "stuff in the back" such as suitcases, toolboxes, tool bags, and trash bags. Officer Hippert searched the cab of the truck and found

2

hypodermic needles which he stated appeared to be unused and from a "medical supply store."

Officer Hippert then searched the bed of the truck where he noticed a newer, black suitcase that he did not think belonged with the rest of the "trash" in the bed. Upon searching the suitcase, he located a new, black toiletry bag which contained some toiletry items, "a white crystal-like substance believed to be methamphetamine," and a glass pipe. Upon questioning the truck's occupants, Officer Hippert determined the bag belonged to appellee. According to Officer Hippert, appellee claimed that the toiletry bag was a gift to him from the driver of the truck. A possession charge was then added to appellee's arrest.

On cross-examination, Officer Hippert testified that the driver of the vehicle was not the owner, but it belonged to the driver's "father or grandfather." He also stated that he received separate consent from the rear passenger to search her purse as it was in her possession.

Appellee testified at the hearing that he was arrested prior to the search being conducted on the truck. Upon his arrest he was placed in the patrol vehicle with the doors closed and the windows rolled up. He stated that he could not hear the driver give consent to the search. He could see the officers searching the vehicle and did not do anything to try to stop the search of the truck.

The trial court granted appellee's motion to suppress by written order and subsequently entered findings of fact and conclusions of law. This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (setting forth that the State is entitled to appeal a trial court's order to grant a motion to suppress evidence).

## II.    DISCUSSION

## A.    Standard of Review & Applicable Law

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018); *see Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997). At a hearing on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony. *Lerma*, 543 S.W.3d at 190 (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). Therefore, we afford almost complete deference to the trial court in determining historical facts. *Id*. (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)). "When a trial judge makes express findings of fact, an appellate court must examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record." *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017) (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)). "The appellate court then proceeds to a de novo determination of the legal significance of the facts as found by the trial court—including the determination of whether a specific search or seizure was reasonable." *Id*. (citing *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004)).

Under the Fourth Amendment, a warrantless search of either person or property is considered per se unreasonable subject to a few specifically and well-established defined exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). When a warrantless search is at issue, the State carries the burden in a motion to suppress to

4

establish applicable exceptions to the warrant requirement. *See id*. Established exceptions include the consent exception, the exigency exception, the automobile exception, the search-incident-to-arrest exception, and the special-needs exception. *State v. Rodriguez*, 521 S.W.3d 1, 10 (Tex. Crim. App. 2017).

Under the Texas exclusionary rule, "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *see Miles v. State*, 241 S.W.3d 28, 35 (Tex. Crim. App. 2007).

## B.    Consent

The State argues that the consent of the driver to search the truck extended to the suitcase in the bed of the truck. Voluntary consent to a search is an exception to the warrant requirement, and it may be given orally or by action, or shown by circumstantial evidence. *Valtierra*, 310 S.W.3d at 448. If the consent to search is open-ended, a reasonable person has no cause to believe that the search will be limited in some way. *Id*. at 449. We must take into account any express or implied limitations or qualifications attending consent that establish the permissible scope of the search in terms of such matters as time, duration, area, or intensity. *State v. Weaver*, 349 S.W.3d 521, 526 (Tex. Crim. App. 2011).

Here, the driver gave Officer Hippert his consent to search the truck. Once the officer received permission to search the vehicle, it was objectively reasonable for the officer to believe that he had permission to search any containers found therein. *See*

5

*Florida v. Jimeno*, 500 U.S. 248, 249 (1991). Citizens can, of course, limit the scope of their consent. *Id*. But as the court stated in *United States v. Battista*, it is an "unrealistic restriction" for officers to play "Mother-may–I" when conducting searches, seeking consent to move or open every container. 876 F.2d 201, 207 (D.C. Cir. 1989) (holding that general consent to search luggage gave officers consent to search, and open, smaller containers inside the luggage).

In his motion to suppress, appellee argued that he was not afforded the opportunity to object to the search of his luggage located in the truck bed because he had been arrested and placed in the patrol car prior to consent being given for the search. Generally, with regard to consent to search a vehicle, unless an officer's investigation reveals more information about the social hierarchy within a vehicle, once the driver has consented to the search, no other consent is necessary or pertinent. *State v. Copeland* (*Copeland I*), 399 S.W.3d 159, 164 (Tex. Crim. App. 2013) (listing examples of what might change the positions of the occupants in a vehicle's hierarchy with regard to consent); *see State v. Copeland* (*Copeland II*), 501 S.W.3d 610, 612 (Tex. Crim. App. 2016) ("In the first appeal, we held that Copeland could not deny consent for police to search the vehicle when the driver and registered owner of the vehicle did consent to the search.").

Appellee argues that even if the driver could consent to the search of the vehicle, he did not have "actual or apparent authority" to grant consent for the officer to search the suitcase located in the bed of the truck. Specifically, his motion stated that the driver "distanced himself from the truck's property" by stating that anything illegal found in the search, if anything, was not his. The State concedes that the driver made vague

6

statements to distance himself from anything illegal but argues that the driver did not "reasonably convey[] to the police that any particular item or container in the truck belong[ed] to one of the passengers," and therefore, it was reasonable for the officers to search the suitcase under the consent of the driver.

In its findings of fact, the trial court specifically found that the driver notified the officers that not everything in the truck belonged to him:

> 3. The driver of the car, James DeBoard, was then asked to consent to a search of the vehicle, and the driver consented to the search. DeBoard, at the time, let officers know that other people's property was included in the vehicle. In response to a question by officers as to whether anything illegal was inside the vehicle, DeBoard responded "I don't think so. If there is, it's not mine."

As a result, the trial court concluded that the officers did not have consent to search the suitcase, citing to *United States v. Iraheta*, 764 F.3d 455, 465 (5th Cir. 2014). In *Iraheta*, which is heavily cited by appellee, the Fifth Circuit held that the search of a duffle bag located in the trunk of a vehicle was unconstitutional where the officer did not have permission from the passenger to search his bag. *Id*. In that case, the officers learned that the occupants of the vehicle were on a long-distance road trip, traveling from California to Miami. *Id*. at 464. The court held that given the circumstances, it was reasonable that the officers were on notice that the driver could not consent to the search of all the bags located in the trunk. *Id*.

While persuasive, Fifth Circuit precedent is not binding on Texas courts. *See Villarreal v. State*, 267 S.W.3d 204, 208 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). We note, however, that this case differs from *Iraheta* in that here there was no cross-country road trip that would equate to multiple pieces of luggage belonging to the different

7

occupants of the vehicle nor any indication that the suitcase might not have belonged to the driver of the truck. *See Iraheta*, 674 F.3d at 465. Furthermore, here, Officer Hippert testified that the truck was full of random items, including various containers, like the suitcase and received no objection when he began his search.

Having distinguished the present case from *Iraheta*, and in conducting a de novo review of the trial court's legal conclusion that the officers did not have consent to search the suitcase, we conclude that it was not unreasonable for Officer Hippert to believe that the suitcase was within the scope of the driver's consent to search the truck. *See Vargas v. State*, 18 S.W.3d 247, 254 (Tex. App.—Waco 2000, pet. ref'd) (finding that it was objectively reasonable for an officer to conclude that a driver's consent to a general search of a vehicle included any container which could contain contraband). We sustain the State's sole issue.

### III. CONCLUSION

We reverse the judgment of the trial court and render judgment denying appellee's motion to suppress.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of July, 2021.

8