# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-21-00029-CR

**Michael Wayne Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LAMPASAS COUNTY
### NO. 21282, THE HONORABLE RANDALL J. HOYER, JUDGE PRESIDING

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Michael Wayne Williams, who was arrested for driving while intoxicated (DWI), second offense, appeals the trial court's order denying his motion to suppress. *See* Tex. Penal Code § 49.04(a). After ruling on the motion, the trial court entered findings of fact and conclusions of law on Williams' request.

After reviewing the trial court's findings and conclusions, we abated the appeal and remanded the cause to the trial court for additional findings of fact and conclusions of law. *See Williams v. State*, No. 03-21-00029-CR, 2022 WL 4587217, at *3 (Tex. App.—Austin Sept. 29, 2022, no pet. h.) (per curiam) (mem. op., not designated for publication). We observed that the parties' arguments on appeal concern:

issues involving the legality of the interaction and arrest, including whether the initial contact was consensual or amounted to an investigative detention; whether a reasonable person in Williams' position would have felt free to leave; if the officer detained Williams, whether the officer had reasonable suspicion for the detention; whether at the time of Williams' arrest officers had probable cause to arrest him; whether Williams was subject to a custodial interrogation and, if so, whether the officer provided him with the required constitutional and statutory warnings; and whether during the initial interaction the officer was acting pursuant to his community-caretaking function.

*Id.* at *2. We explained that while the trial court, in its findings and conclusions, had "provided a brief and limited narrative of the facts and concluded that the 'arresting officer's actions met the minimal level of objective justification and reasonable suspicion for making the stop,'" it had not made "factual findings concerning numerous significant issues raised by the evidence at the hearing—many of which were contested." *Id.* We also listed several of the unaddressed, potentially dispositive issues to assist the trial court in making its additional findings and conclusions. *Id.*; *see State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) (noting trial court has obligation to ensure findings cover "every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings" (quoting *State v. Elias*, 339 S.W.3d 667, 674, 676 (Tex. Crim. App. 2011))).

We have received additional findings of fact and conclusions of law that the trial court entered in response to our abatement order. Although the trial court addressed many of the deficiencies that we highlighted in the order, it still failed to address certain essential findings and conclusions "adequate for [this Court] to decide the legal determinations in the case." *See State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013); *see also Copeland*, 501 S.W.3d at 613 ("'Essential findings' means that 'the trial court must make findings of fact and conclusions

2

of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.'" (quoting *Elias*, 339 S.W.3d at 674, 676)).

Among the findings requested by this Court that are still missing from those entered by the trial court are: (1) whether dispatch relayed information about Williams' vehicle's driving to officers; (2) whether Betty Cluck witnessed Williams driving; (3) whether Officer Bowman observed Williams' activated brake lights; (4) whether either officer observed keys in the ignition of Williams' vehicle; (5) whether there was any evidence indicating that Williams was in need of assistance or medical attention when Officer Bowman approached Williams' vehicle; (6) whether Williams told Officer Bowman that he did not want to speak with him; and (7) whether Williams' arrest was warrantless.

Furthermore, the trial court did not address several of the conclusions of law that we identified as essential to provide us with a basis for reviewing the trial court's suppression ruling, including: (1) whether a reasonable person in Williams' position would have felt free to leave during the interaction with Officer Bowman; (2) whether the State's assertion at the suppression hearing that it was willing to concede that Officer Bowman lacked reasonable suspicion foreclosed the trial court from ruling on that basis; (3) whether Williams' detention was justified by the officers' community-caretaking function; (4) whether Williams was subject to a custodial interrogation; and (5) if he was, whether he received the required constitutional and statutory warnings beforehand.

Accordingly, we again abate this appeal and remand the cause to the trial court to make additional "findings of fact and conclusions of law adequate to provide [this Court] with a basis upon which to review the trial court's application of the law to the facts." *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006); *see also Saenz*, 411 S.W.3d at 495 (instructing that "an appellate court must abate for additional findings of fact when a party has

3

requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination"). A supplemental clerk's record containing the additional findings of fact and conclusions of law shall be filed with this Court by December 12, 2022. This appeal will be reinstated after the supplemental clerk's record is filed.

It is so ordered on November 30, 2022.


Before Chief Justice Byrne, Justices Baker and Smith

Abated and Remanded

Filed: November 30, 2022

Do Not Publish