# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00228-CR

**Barnard Lnell Morrow, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 82898, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Barnard Lnell Morrow of capital murder of multiple persons. *See* Tex. Penal Code § 19.03(a)(7). On appeal, Morrow contends that the trial court erred when it denied his motion to suppress evidence. For the following reasons, we affirm the judgment of conviction.

### BACKGROUND[1]

On March 20, 2020, the police were conducting a covert surveillance operation on Morrow as a person of interest concerning the murder of three persons that occurred in the early morning hours of March 14. A detective with the Killeen Police Department observed Morrow exiting an apartment carrying a black Puma backpack and getting into the driver's side rear door

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, .4.

of a vehicle, which then began driving away. In addition to the driver, another person was in the front passenger seat. After officers observed the driver commit several traffic violations[2] and Morrow and the front-seat passenger not wearing seat belts, a "high risk" traffic stop was initiated. The initiating officer directed the three occupants to get out of the vehicle, and they were arrested.[3] A canine "free-air sniff" was performed on the vehicle, and the canine alerted on the backpack in the backseat.[4] Officers searched the backpack and discovered ammunition and a Canik 9mm pistol, which was later identified as the murder weapon. After the vehicle occupants were arrested, the police impounded the vehicle and did an inventory search.

Morrow was charged with capital murder of multiple persons during the same criminal transaction, *see* Tex. Penal Code § 19.03(a)(7) (stating that person commits capital murder when person murders more than one person during same criminal transaction), and the case proceeded to jury trial in March 2022. After the jury was selected, the trial court heard

---

[2] An officer testified at trial that he observed the driver fail to stop at a designated point, an intersection, and fail "to signal intent" correctly prior to making a turn. *See* Tex. Transp. Code §§ 545.101 (addressing signaling turns), .151 (addressing vehicle approaching or entering intersection).

[3] Morrow and the passenger were arrested because they were not wearing a seat belt. *See* Tex. Transp. Code § 545.413(a) (addressing seat belt offense); *see also id.* § 543.001 ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle.").

[4] The canine's handler testified:

> While passing the driver's door, [the canine's] head went up, and then he suddenly jumped in through the rear driver side passenger window. And I saw a detail, a backpack that was in the back, and he went in a down position, which is his final response position, indicating that he located one of his trained odors.

The handler also answered, "Yes, sir," when asked if the canine alerted on the backpack in the backseat.

2

Morrow's pending motion to suppress evidence. Morrow sought to suppress the tangible evidence that law enforcement officers seized in connection with his detention and arrest or their investigation of the case, including the backpack, the pistol, and ammunition and any testimony concerning such items. Morrow contended that the backpack was searched without a warrant, probable cause, or other lawful authority in violation of his rights pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and sections 9, 10, and 19 of article I of the Texas Constitution. *See* Tex. Code Crim. Proc. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

In response, the State contended that the search of the backpack was justified as a search incident to arrest or as an inventory search. Its witnesses at the suppression hearing were officers who participated in the traffic stop, including the canine's handler who testified about the canine's alert on the backpack and officers who testified that they personally observed that the passengers, including Morrow, were not wearing their seat belts prior to the traffic stop. The defense did not call witnesses but argued that Morrow had an expectation of privacy as to the backpack, that the officers did not have probable cause to search it, and that they should have obtained a search warrant. After confirming with Morrow that the motion was limited to "evidence seized" during the traffic stop, the trial court found that "the search and seizure of the backpack was reasonable" and that "[i]t was with probable cause" and denied the motion to suppress the evidence. Morrow did not request findings of fact or conclusions of law as to the trial court's ruling.

3

The jury trial proceeded over the next few days, and the jury found Morrow guilty of capital murder as charged in the indictment. *See* Tex. Penal Code § 19.03(a)(7). The trial court sentenced Morrow to imprisonment for life without parole and signed a judgment in accordance with the jury's verdict and its sentence. *See id.* § 12.31(a)(2) (setting punishment at imprisonment for life without parole for capital felony in case in which state does not seek death penalty and individual who committed offense is 18 years of age or older). This appeal followed.

## ANALYSIS

In his sole appellate issue, Morrow contends that the trial court erred in denying his motion to suppress evidence because "the evidence failed to show that the rear passenger seat of the vehicle stopped was equipped with a seat belt" as required by section 545.413 of the Texas Transportation Code. *See* Tex. Transp. Code § 545.413 (stating among elements of offense that person "is occupying a seat that is equipped with a safety belt" and "not secured by a safety belt").

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (citing *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)). "We review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported in the record." *Id.* "We will sustain the trial judge's decision if it is correct on any theory of law applicable to the case." *Id.* (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)).

Morrow argues that his arrest for not wearing a seat belt was illegal under article 38.23 of the Texas Code of Criminal Procedure because "there was no evidence that the rear driver's seat of the vehicle in which Morrow was sitting was equipped with a seat belt."[5] He also argues that the pistol was legally being carried under section 46.02 of the Texas Penal Code and was therefore not subject to seizure by the arresting officers. Morrow, however, did not make these arguments in his motion to suppress, during the hearing on his motion to suppress, or during trial and, thus, has not preserved them for our review. *See* Tex. R. App. P. 33.1(a) (stating required steps to preserve complaints for appellate review); *Swain*, 181 S.W.3d at 365 (concluding that global statements in pretrial motion to suppress, including that statements were inadmissible under article 38.23, "were not sufficiently specific to preserve the arguments he now makes on appeal"); *see also Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial objection does not comport with arguments on appeal, error has not been preserved."). Thus, we do not address the merit of these arguments. *See Diruzzo v. State*, 581 S.W.3d 788, 797 (Tex. Crim. App. 2019) ("Preservation of error is a systemic requirement."); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue.").

To the extent that Morrow argues that the arrest was a "pretextual arrest" and that the search of the backpack cannot stand under the theory of a search incident to arrest or the canine alert, the trial court reasonably could have found that the canine's positive alert on the backpack provided probable cause to search the backpack without first obtaining a warrant. *See State v. Copeland*, 501 S.W.3d 610, 612–13 (Tex. Crim. App. 2016) (stating that trial court's

---

[5] Morrow does not dispute that an officer may arrest a person who commits an offense under section 545.413 of the Texas Transportation Code. *See* Tex. Transp. Code §§ 543.001, 545.413(a).

ruling on motion to suppress must be upheld on appeal "if it is correct under 'any theory of law applicable to the case'" (quoting *Calloway v. State*, 743 S.W.2d 645, 652 (Tex. Crim. App. 1988))). Morrow does not challenge the traffic stop or the officers' authority to conduct the "free-air sniff," *see Medina v. State*, 565 S.W.3d 868, 876 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (explaining that "open-air sniff around the exterior of a vehicle" is not considered search for purposes of Fourth Amendment (citing *Illinois v. Caballes*, 543 U.S. 405, 408 (2005))); he does not contend that the traffic stop was impermissibly extended to allow for the canine sniff, *see Rodriguez v. United States*, 575 U.S. 348, 357 (2015); and the evidence was that the canine alerted on the backpack in the backseat. "The law is well established that as soon as a drug-detection dog alerts on a car, officers have probable cause to search the car without a warrant." *Branch v. State*, 335 S.W.3d 893, 901 (Tex. App.—Austin 2011, pet. ref'd). And based on this record, the search of the vehicle properly included the backpack. *See, e.g., Wyoming v. Houghton*, 526 U.S. 295, 307 (1999) ("We hold that police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search.").

For these reasons, we overrule Morrow's issue.

## CONCLUSION

Having overruled Morrow's issue, we affirm the trial court's judgment of conviction.

6

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   June 23, 2023

Do Not Publish