**Ricky Germaine MIXON, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–16–00086–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 2, 2017

Discretionary Review Refused May 3, 2017

David L. Garza, Houston, TX, for Appellant.

Eric Kugler, Houston, TX, for State.

Panel consists of Justices Boyce, Busby, and Wise.

## OPINION

Ken Wise, Justice

After the trial court denied appellant's motion to suppress, he pleaded guilty to possessing a controlled substance. Appellant contends that the trial court erred by denying the motion. We affirm because appellant does not challenge on appeal a theory of law applicable to the case— whether a search of appellant was conducted incident to a valid arrest.

### I. BACKGROUND

A police officer was the sole witness at the suppression hearing. He testified that he found appellant lying on the side of the road. The officer stopped his car to do a welfare check. The officer thought appellant was intoxicated because appellant was "not really responsive" and "not really answering" questions. Appellant was not giving "intelligent responses" to the officer's questions. Appellant was "lethargic" and "incoherent," and he "wasn't quite sure where he was at."

The officer asked for appellant's identification. Appellant said he had it "in his wallet, in his pocket." The officer asked if he could retrieve the wallet, and appellant gave permission. The officer testified, "I first reached into his pocket and I just started pulling out what was in his pockets until I located which pocket the wallet was in." In addition to the wallet, the officer removed a travel-size bottle of Scope. Based on the color and scent of the liquid

inside the bottle, the officer believed the bottle contained phencyclidine (PCP).

Emergency medical personnel determined that appellant needed to go to a hospital to be seen by a doctor. When appellant was released from the hospital, the officer took him to jail. Appellant was indicted for possession of the PCP.

The trial court denied appellant's motion to suppress, and appellant pleaded guilty with a recommended sentence. The court certified appellant's right to appeal.

## II. PROCEDURAL DEFAULT

On appeal, appellant contends in a single issue that the trial court erred by denying the motion to suppress because (1) appellant was being detained during a *Terry* [1] frisk, and removal of the Scope bottle from appellant's pocket violated the "plain feel" doctrine, (2) appellant's consent to search was invalid because appellant was "clearly incapable of giving voluntary consent," and (3) the officer "clearly exceeded the scope of any permissible search to retrieve the wallet by instead choosing to remove the entire contents of Appellant's pockets."

The State responds that the trial court's ruling may be upheld because (1) there is clear and convincing evidence that appellant's consent to search was voluntary, and it was reasonable to remove all items from appellant's pockets when searching for a wallet, and (2) the officer had probable cause to arrest appellant for public intoxication before finding the Scope bottle, and therefore, search appellant incident to arrest.[2]

We address issues of error preservation sua sponte before reversing a criminal con-

viction. *See, e.g., Darcy v. State,* 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016). Thus, we must determine whether appellant has procedurally defaulted his challenge to the trial court's suppression ruling by failing to argue on appeal a theory of law applicable to the case. *See State v. Copeland,* 501 S.W.3d 610, 613 (Tex. Crim. App. 2016).

First we review general principles of procedural default. Then we review the evidence and arguments at the suppression hearing. We hold that the search-incident-to-arrest exception to the warrant requirement is a theory of law applicable to the case. Because appellant has not challenged this basis for the trial court's ruling, we must affirm.

## A. Principles for Procedural Default

 We must uphold a trial court's ruling on a motion to suppress if the ruling is correct under any theory of law applicable to the case. *Id.* at 612–13. "A 'theory of law' is applicable to the case if the theory was presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue." *Id.* at 613. "If the appellant fails to argue a 'theory of law' applicable to the case on appeal, that argument is forfeited." *Id.* An appellant procedurally defaults a theory of law applicable to the case if the appellant fails to advance that argument on appeal. *See id.* at 614. Under these circumstances, the court of appeals will uphold the trial court's ruling without considering the merits of the unchallenged basis for the ruling. *See State v. Copeland,* No. 13-11-00701-CR, 2015 WL 7039545, at *3 (Tex. App.–

---

1. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2. The State also contends that the encounter began as a welfare check under the community-caretaking doctrine, but the encounter es-

calated to a valid investigatory detention "when he first made contact with Appellant." The State does not argue that the search itself was valid under the community-caretaking doctrine.

Corpus Christi Nov. 12, 2015) (mem. op., not designated for publication), *aff'd*, 501 S.W.3d at 614.[3]

## B. Motion to Suppress Issues and Arguments

 Appellant filed a broad motion to suppress, contending among other things that the Scope bottle was "seized without warrant, probable cause, or other lawful authority." At the suppression hearing, the parties stipulated that the arrest was warrantless, so the burden shifted to the State to prove the reasonableness of the seizure. *See State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). Both the State and appellant adduced evidence about whether the officer had probable cause to arrest appellant for public intoxication[4] and whether the officer conducted a search of appellant incident to arrest before the officer found the PCP.

For example, the State elicited testimony that appellant was a danger to himself or others:

Q. Did you believe that he was a danger to himself or others, laying there on the side of the road?

A. Yeah, where he was laying, he could have—whenever I drove by him, I missed him the first time. And I wasn't sure if I saw the person or what I saw. That's what made me turn around. If anyone were to swerve off the road, they could have easily hit him, injured themselves.

Q. Injured him? Injured themselves?

A. Yes.

On cross-examination, appellant elicited testimony relevant to whether he was a danger to himself or others based on where he was lying:

Q. And what lane was he lying in?

A. He wasn't lying in a lane. He was lying on the right median in the grass and then on the shoulder.

Q. So he was laying on the portion of a road where normally a car would not travel, correct?

A. Correct.

And appellant elicited testimony that the officer actually had not detained or arrested appellant before searching appellant's pockets:

Q. At this point your general concern is his welfare?

A. Yes, ma'am.

Q. You weren't arresting him for anything?

A. Not at that point.

Q. Weren't detaining him for anything?

A. Not at that point.

Q. Just concerned for his well-being, correct?

A. Correct.

During closing arguments, the State argued that the search was lawful because appellant gave consent for the search. Alternatively, the State argued that the search was lawful because it was incident to arrest:

In the alternative, Mr. Mixon was intoxicated on the side of the road there. Our officer specifically testified that he was a danger to himself, laying almost in the street. A car very easily could have

---

**3.** Although *Copeland* involved the State's appeal, the Court of Criminal Appeals has "explained that the rules of procedural default ... should apply equally to all appellants, whether defendants or the State." *State v. Esparza*, 413 S.W.3d 81, 88 (Tex. Crim. App. 2013).

**4.** *See* Tex. Penal Code § 49.02(a) ("A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another.").

driven up alongside of the road and hit him there.

In that case there is probable cause to arrest him for P.I., in this case public intoxication. And so, any search of his person incident to arrest is also proper in this case.

Appellant responded to the consent argument. And appellant argued that he was not arrested until after the officer discovered the PCP: "It was purely a welfare check. That's what [the officer] characterized it as. And it was always a welfare check until he opens up that Scope bottle, smells it, and then discovered that it was P.C.P." Appellant argued that it was "important to note" the officer's testimony that appellant was "on the side of the road," and, "He wasn't in the roadway."

The trial court denied the motion to suppress based on "both of the theories" advanced by the State:

Based upon, frankly, both of the theories, one is that the officer was rightly searching for the defendant's ID. . . .

There also certainly was probable cause for public intoxication arrest.

So, based on both of those circumstances I am denying the Defense's motion to suppress.

Appellant did not request additional written findings.

## C. Appellant's Procedural Default

We hold that the search-incident-to-arrest issue was a theory of law applicable to the case because (1) appellant was fairly called upon to present evidence on the issue when raised by the State, and he actually did so; (2) both parties made arguments to the trial court about the search-incident-to-arrest exception; and (3) the trial court expressly based its ruling on the conclusion that probable caused existed to arrest appellant for public intox-ication, which related to the search-incident-to-arrest issue.

Under these circumstances, appellant was "aware (or should have been)" that by losing the motion to suppress, he would need to make arguments on appeal concerning the search-incident-to-arrest issue. *See Copeland*, 501 S.W.3d at 614. These circumstances present an even more compelling reason for procedural default than in *Copeland*, where the trial court only made findings on a consent issue and erroneously failed to make findings on a length-of-detention issue. *See id.* at 613–14. The Court of Criminal Appeals held that the State, as the appellant, procedurally defaulted the length-of-detention issue by not advancing the argument on appeal even though the trial court did not consider the length-of-detention issue to be dispositive. *See id.* Here, the trial court found the search-incident-to-arrest issue dispositive. Yet appellant fails to argue that theory of law applicable to the case on appeal.

## III. Conclusion

Appellant has procedurally defaulted by not advancing an argument on appeal concerning a theory of law applicable to the case. *See id.* at 614. We affirm.