In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00406-CR
NO. 09-24-00407-CR
NO. 09-24-00408-CR
NO. 09-24-00409-CR

_____

**NICHOLAS AARON BATES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause Nos. 22-07-09452-CR, 22-07-09454-CR,
22-07-09456-CR & 22-07-09458-CR**

## MEMORANDUM OPINION

Appellant Nicholas Aaron Bates appeals his convictions in trial cause numbers 22-07-09452-CR, 22-07-09454-CR, 22-07-09456-CR, and 22-07-09458-CR for possession of child pornography, a third-degree felony. *See* Tex. Penal Code Ann. § 43.26(a); Acts of May 31, 2015, 84th Leg., R.S., ch. 933, § 2, Tex. Gen. Laws

3221, 3222 (amended 2023, 2025) (current version at Tex. Penal Code Ann. § 43.26(d)).

The four cases were consolidated for trial.[1] In each of the four cases, Bates pleaded "not guilty." The jury found Bates guilty as charged in each indictment, and in each case the jury assessed punishment at ten years of imprisonment. In each case, the trial court sentenced Bates in accordance with the jury's verdict, and the trial court ordered the sentences to run consecutively. Bates timely filed notices of appeal. Bates raises the same two issues in each case. We affirm the trial court's judgment in trial cause number 22-07-09456-CR as modified, and we affirm the trial court's judgments in trial cause numbers 22-07-09452-CR, 22-07-09454-CR, and 22-07-09458-CR.

Pertinent Background and Evidence at Trial

In July of 2022, law enforcement was dispatched to an address in Montgomery County regarding a family violence incident involving a firearm. Dispatch loaded a copy of the driver's license of the suspect, Bates, into the responding officer's computer system. While at the address investigating the family violence, the responding officer observed a male matching the description of Bates in a vehicle

---

[1] In the same trial, Bates was also tried for and convicted of two offenses in addition to the four offenses that are the subject of this appeal. This Court previously dismissed Bates's appeals from those other two convictions. *Bates v. State*, Nos. 09-24-00404-CR & 09-24-00405-CR, 2025 Tex. App. LEXIS 40 (Tex. App.—Beaumont Jan. 8, 2025, no pet.) (mem. op., not designated for publication).

2

matching the description of the Bates's vehicle which had been provided by the 9-1-1 call to dispatch. The vehicle drove by the responding officer, and the officer noticed a female passenger inside the vehicle, and she appeared distraught. The responding officer initiated a traffic stop on the vehicle to continue to investigate. During the stop, the victim who was the female in the car informed the responding officer that the gun that was involved in the incident was in the vehicle's glovebox. The responding officer determined he needed to secure the gun and authorized a search of the vehicle based on probable cause to believe that evidence of a crime was in the vehicle and to secure the scene. A gun with an extended magazine was retrieved by the responding officer from the glovebox along with ten bullets from the gun's chamber. The responding officer detected an "overwhelming presence of the odor of marijuana[]" inside the vehicle and recovered a substantial amount of narcotics. Bates's phone was also collected as evidence as standard operating procedure when large amounts of narcotics are recovered so that the phone could be submitted to the crime lab for further investigation.

A Montgomery County detective working large-scale drug investigations and certified in cell phone data extraction testified that after the drugs were recovered, he initiated a narcotics investigation of Bates. According to the detective, he met with Bates, Bates waived his *Miranda* rights, and the detective interviewed Bates in an attempt to determine Bates's drug supplier. The detective testified that Bates gave

3

him oral and written permission to search Bates's phone. The detective testified that the data extraction revealed multiple photos of child pornography and multiple videos of child pornography on Bates's phone, and the detective notified someone associated with Internet Crimes Against Children.

Jeff Chappell, an investigator with the Montgomery County District Attorney's office assigned to the digital forensics lab that processes and analyzes digital devices, testified that he reviewed the data extraction from Bates's cell phone. Chappell testified that the extraction included 301 videos and some images that constituted child sexual abuse material and based on the patterns of usage and other information on the phone, he believed that Bates had transferred the material onto the phone. Chappell testified that in preparation for trial he created customized reports from the data extraction from Bates's cell phone.

The jury found Bates guilty as charged in the indictments. The jury assessed punishment at ten years of confinement in each case, and the trial court sentenced Bates in accordance with the jury's verdict and ordered that Bates serve the sentences consecutively. In each case, Bates filed a motion for new trial which was overruled by operation of law. Bates appealed his convictions.

Appellate Issues

In his first issue, Bates argues the trial court erred in denying his motion to suppress the evidence obtained from his cell phone because he contends his consent

4

was involuntary under the Fourth Amendment due to his mental health issues, age, lack of legal representation, and his status on suicide watch, and therefore the search was unconstitutional. In his second issue, Bates argues that the prosecution's failure to disclose the expert witness's reports and documents prior to trial constituted a violation of Bates's due process rights under *Brady v. Maryland* because it deprived the defense of material evidence necessary for a fair trial.

Denial of Bates's Motion to Suppress

In his first issue, Bates argues that the trial court erred in denying his motion to suppress because the consent he gave to search his cell phone was involuntary under the Fourth Amendment and unconstitutional. Bates contends that the consent he gave was involuntary due to his mental health issues, age, lack of legal representation, and his status on suicide watch.

According to the reporter's record and Bates's Motion for New Trial in the clerk's record, before trial Bates filed two written motions to suppress, one to suppress the evidence the State obtained from the search of his phone, arguing his consent was involuntary, and a second motion to suppress arguing that the search warrant the State obtained for the data on Bates's phone was invalid. In a preliminary hearing held before trial and outside the hearing of the jury, the trial court heard arguments and received evidence on Bates's motions to suppress. The consent form for the search of Bates's phone signed by Bates and the search warrant with the

5

supporting affidavit were admitted for purposes of the hearing. The trial court denied both motions to suppress the evidence obtained from the search of Bates's phone.

We review the trial court's denial of a motion to suppress evidence for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). We must uphold a trial court's ruling on a motion to suppress if the ruling is correct under any theory of law applicable to the case. *See State v. Copeland*, 501 S.W.3d 610, 612-13 (Tex. Crim. App. 2016) (citation omitted). A "theory of law" is applicable to the case if the theory was presented at trial in such a manner that the appellant was fairly called upon to present the evidence on the issue. *Id.* at 613. "If the appellant fails to argue a 'theory of law' applicable to the case on appeal, that argument is forfeited." *Id.* (citation omitted). An appellant procedurally defaults a theory of law applicable to the case if the appellant fails to advance that argument on appeal. *Mixon v. State*, 523 S.W.3d 765, 767 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing *Copeland*, 501 S.W.3d at 614). Under these circumstances, the court of appeals will uphold the trial court's ruling without considering the merits of the unchallenged basis of the ruling. *Id.* at 767-69 (affirming denial of motion to suppress because appellant had procedurally defaulted on appeal "by not advancing an argument on appeal concerning a theory of law applicable to the case[,]" that is, by not attacking both theories of law advanced by the State, which were litigated by the parties and

6

relied on by the trial court to support its denial of motion to suppress); *Snell v. State*, No. 01-22-00502-CR, 2023 Tex. App. LEXIS 9267, at *21 (Tex. App.—Houston [1st Dist.] Dec. 12, 2023, pet. dism'd) (mem. op., not designated for publication) (appellant procedurally defaulted by not advancing an argument on one of the theories that was the basis of the trial court's ruling on the motion to suppress); *State v. Aviles*, No. 10-07-00371-CR, 2008 Tex. App. LEXIS 2577, at **3-4 (Tex. App.—Waco Apr. 9, 2008, no pet.) (mem. op., not designated for publication) (explaining that, because the State, as appellant, failed to challenge each ground for trial court's ruling granting motion to suppress, issue was waived); *see also Puente v. State*, No. 13-20-00014-CR, 2021 Tex. App. LEXIS 4844, at *16 (Tex. App.—Corpus Christi-Edinburg June 17, 2021, pet. ref'd) (mem. op., not designated for publication) (appellant did not challenge all grounds relied upon by the trial court in denying appellant's motion to suppress so he cannot show that the trial court erred in denying his motion); *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (explaining in the context of 403 ruling that "[a]n appellant must attack all independent grounds supporting a trial court's ruling[]").

Because on appeal Bates does not challenge the trial court's denial of Bates's motion to suppress the evidence obtained from the warrant-based search of his cell phone, Bates has not challenged all applicable theories of law supporting the trial court's rulings on the suppression of the evidence obtained from the search of

7

Bates's cell phone, and he has procedurally defaulted. *See Copeland*, 501 S.W.3d at 614; *Mixon*, 523 S.W.3d at 767-68. We uphold the trial court's ruling without considering the merits of the trial court's denial of the motion to suppress the evidence obtained from the warrant-based search of Bates's cell phone. *See Mixon*, 523 S.W.3d at 767-69. We overrule issue one.

Untimely Disclosure of Evidence Claim

In his second issue, Bates argues the prosecution failed to disclose the expert witness's reports and documents prior to trial, thereby violating Bates's due process rights under *Brady v. Maryland* by depriving him of material evidence necessary for a fair trial and crucial to his defense and violating article 39.14 of the Texas Code of Criminal Procedure. According to Bates, the prosecution introduced reports and documents from an expert witness regarding the defendant's cell phone usage, but the defense argued it had not seen the documents prior to their introduction during trial. Bates contends that the expert's reports, and conclusions drawn from the reports, which were used to demonstrate a pattern of behavior, should not have been allowed over the defense's objection.

In *Brady v. Maryland*, the United States Supreme Court held that a defendant's due process rights are violated when: (1) the State fails to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the evidence is material, that is, there is a

8

reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *See* 373 U.S. 83, 87-88 (1963). Generally, to preserve a *Brady* complaint for appellate review, the record must show that an appellant timely and specifically objected to the *Brady* violation and obtained a ruling or refusal to rule on the objection from the trial court. *See Pena v. State*, 353 S.W.3d 797, 807, 809 (Tex. Crim. App. 2011); *see also* Tex. R. App. P. 33.1(a). Also, a defendant who fails to request a continuance for mid-trial *Brady* violations waives any error resulting from a *Brady* violation. *See Cohen v. State*, 966 S.W.2d 756, 763 (Tex. App.—Beaumont 1998, pet. ref'd).

Article 39.14(a) of the Texas Code of Criminal Procedure requires the State, "as soon as practicable after receiving a timely request from the defendant . . . [to] produce and permit the inspection and the electronic duplication, copying, and photographing, [of various items] . . . that constitute or contain evidence material to any matter involved in the action" that are in the State's possession, custody, or control. Tex. Code Crim. Proc. Ann. art. 39.14(a). To preserve this alleged Article 39.14 error, a defendant is required to seek a continuance below. *See Rodriguez v. State*, 630 S.W.3d 522, 524-25 (Tex. App.—Waco 2021, no pet.); *see also Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise.").

9

We first note that Bates does not refer to any specific exhibits in alleging that the prosecution failed to produce evidence prior to trial. Instead, he refers generally to "reports and documents" from an expert witness regarding the defendant's cell phone usage introduced by the State. When the State questioned expert witness Chappell about whether he was able to create customized reports from the data extraction from Bates's phone and began to question Chappell about the customized reports, defense counsel objected that "none of these reports were in the extraction that I viewed. And they were not provided to me." The State responded that "every piece of information contained in these reports is from the cell phone extraction that's made available to [the] Defense[]" and the reports are "a subset of information that was provided[.]" Defense counsel disagreed and argued "unfair surprise." The trial court suggested to defense counsel, "Maybe you don't have objections after you had an opportunity to take a look at this as being subset. We'll take that up at that time[,]" and defense counsel agreed. Later, when State's Exhibits 23 through 30 and State's Exhibit 36, described by Chappell as "small reports taken from the initial extraction[,]" Bates only objected on the grounds of "hearsay and improper foundation[,]" which the trial court overruled.

When the reports were offered into evidence by the State, Bates did not object on the grounds of a *Brady* violation or a violation under Article 39.14. *See Pena*, 353 S.W.3d at 807, 809; *see also* Tex. R. App. P. 33.1(a) (to preserve error for

10

appeal, a party must make a timely and specific objection and obtain a ruling thereon). Accordingly, Bates failed to preserve these complaints for our review. Also, Bates waived these complaints by failing to request a continuance. *See Rodriguez*, 630 S.W.3d at 524-25 (alleged Article 39.14 violation); *see also Cohen*, 966 S.W.2d at 763 (alleged *Brady* violation). We overrule issue two.

We note that in trial cause number 22-07-09456-CR, the trial court's final judgment incorrectly states that the trial court ordered Bates to serve the sentences concurrently. According to the record, the trial court ordered Bates to serve the sentences consecutively. This Court has the authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We delete the portion of the judgment stating, "THIS SENTENCE SHALL RUN CONCURRENTLY[]" and substitute it with "THIS SENTENCE SHALL RUN CONSECUTIVELY."

We affirm the trial court's judgment in trial cause number 22-07-09456-CR as modified, and we affirm the trial court's judgments in trial cause numbers 22-07-09452-CR, 22-07-09454-CR, and 22-07-09458-CR.

AFFIRMED AS MODIFIED AS TO TRIAL CAUSE NUMBER 22-07-09456-CR; AFFIRMED AS TO TRIAL CAUSE NUMBERS 22-07-09452-CR, 22-07-09454-CR, AND 22-07-09458-CR .

LEANNE JOHNSON
Justice

Submitted on October 3, 2025
Opinion Delivered October 15, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.